## ARNESON v. DENNY et al.

District Court W. D. Washington, S. D.
April 18, 1928.

No. 332.

1. **Injunction** ☞142—**Governor and Attorney General are indispensable parties as respects application for interlocutory injunction against enforcement of state laws, and must be given reasonable notice (Jud. Code § 266 [28 USCA § 380]).**

Under Judical Code, § 266, Comp. St. § 1243 (28 USCA § 380), Governor and Attorney General are indispensable parties, at least so far as application for interlocutory injunction against enforcement of state statutes is concerned, and they must be given reasonable notice before a determination can be made on such application.

2. **Injunction** ☞143(2)—**Notice to Governor of hearing on motion for interlocutory injunction against enforcement of state statutes held insufficient (Jud. Code, § 266 [28 USCA § 380]; Rule No. 1).**

Notice of hearing on motion for interlocutory injunction against enforcement of state statutes mailed to Governor, informing him of time and place of hearing, number of case, and names of parties, that application was for interlocutory injunction under Judicial Code, § 266 (28 USCA § 380), and that defendants would be served with copy of order, complaint, and motion, but not stating particular state statutes, enforcement of which was sought to be enjoined, nor particular official acts sought to be enjoined, nor ground on which such law was claimed to be unconstitutional, nor time when defendants would be served, *held*, insufficient as notice required by Judicial Code, § 266 (28 USCA § 380), and Rule No. 1.

In Equity. Suit by E. A. Arneson against John C. Denny and others, as the Department of Public Works of the State of Washington. Decision in accordance with opinion.

See, also, 25 F.(2d) 988.

W. R. Crawford, of Seattle, Wash., for plaintiff.

John H. Dunbar, Atty. Gen., and H. C. Brodie, Asst. Atty. Gen., for defendants.

Before statutory court, composed of GILBERT, Circuit Judge, and NETERER and CUSHMAN, District Judges.

CUSHMAN, District Judge. The court heretofore held there would be no determination of the application for an interlocutory injunction until it was shown whether there had been service upon the Governor of the State of Washington of notice of the application for such injunction, in compliance with Section 266 of the Judicial Code, Comp. Stat., § 1243 (28 USCA § 380). Proof of service has now been made as follows:

"In the District Court of the United States for the Western District of Washington, Southern Division.

"E. A. Arneson, Plaintiff, v. John C. Denny, James P. Neal, and C. Rea Moore, as the Department of Public Works of the State of Washington, Defendants.

"No. 332, In Equity.

"Proof of Service of Notice.

"Comes now the plaintiff in the above-entitled cause, and, in compliance with the ruling made on February 24, 1928, files his proof of service of the notice as required by section 266 of the Judicial Code upon Hon. Roland H. Hartley, Governor of the state of Washington, and Hon. John H. Dunbar, Attorney General of the state of Washington, and John C. Denny, James P. Neal, and C. Rea Moore, as the department of public works of the state of Washington; such proof of service of notice aforesaid is shown by the affidavit of W. R. Crawford, solicitor of the plaintiff, and said affidavit is attached to and is made a part of the said return of the plaintiff. W. R. Crawford, Solicitor for Plaintiff."

Indorsed:

"Received copy of above this 27th day of February, 1928. H. C. Brodie, Atty. for Defendants."

"Affidavit of W. R. Crawford.

"(Same title.)

"State of Washington, County of King,— ss.:

"W. R. Crawford, being first duly sworn upon oath deposes and says: That on January 20, 1928, at Seattle, Washington, he deposited in the United States post office at the Federal Building at the corner of Third avenue and Union street, a sealed envelope, with postage prepaid, addressed to Hon. Roland H. Hartley, Governor of the state of Washington, Olympia, Wash., in which was inclosed a notice, a copy of which said notice is as follows:

"'Notice.

"'To Hon. Roland H. Hartley, Governor of the State of Washington, and Hon. John H. Dunbar, Attorney General of the State of Washington—Gentlemen:

"'This is to notify you, and each of you, that the District Court of the United States for the Western District, Southern Division, has set for hearing and determination in the federal courtroom at the Federal Building at Tacoma, Wash., a certain application for an interlocutory injunction in the case of E. A. Arneson v. John C. Denny et al., being cause No. 322 in equity, for January 28, 1928, at the hour of ten (10:00) o'clock a. m., under the provisions of section 266 of the Judicial Code. I have the order of said court, and will serve the defendants with a copy of the order, complaint and motion for interlocutory injunction. Kindly acknowledge receipt of notice.

"'Dated at Seattle, January 20, 1928. W. R. Crawford, Solicitor for Plaintiff.

"'Office address, 325 Lumber Exchange Building, Seattle, Wash.'

"That the affiant did on January 20, 1928, deposit in the United States post office at the Federal Building at the corner of Third avenue and Union street, Seattle, Wash., a sealed envelope, with postage prepaid, addressed to Hon. John H. Dunbar, Attorney General of the state of Washington, Olympia, Wash., in which was inclosed a notice, a copy of which said notice is set out herein above. That this affiant did on January 21, 1928, serve on John C. Denny, James P. Neal, and C. Rea Moore, as the department of public works of the state of Washington, defendants herein, by serving said defendants at Olympia, Wash., copies of the order entered by the above court on January 19, 1928, and the complaint, the motion for the interlocutory injunction, and the affidavits attached to said motion. W. R. Crawford.

"Subscribed and sworn to before me this 27th day of February, 1928. Morris B. Sacks, Notary Public in and for the State of Washington, Residing at Seattle. [Seal.]"

Section 266 in part provides:

"Said application shall not be heard or determined before at least five days' notice of the hearing has been given to the Governor and to the attorney general of the state, and to such other persons as may be defendants in the suit. * * * "

The statute does not prescribe the contents of the required notice, nor the manner of its service.

On account of the conclusion reached, it is not necessary to consider the question of the sufficiency of a service by mail; nor whether the service made complies with rule 33 of the District Court, originally promulgated as a rule of the Circuit Court. Rule 1 of the Equity Rules of 1912 provides:

"The district courts, as courts of equity, shall be deemed always open for the purpose of filing any pleading, of issuing and returning mesne and final process, and of making and directing all interlocutory motions, orders, rules, and other proceedings preparatory to the hearing, upon their merits, of all causes pending therein.

Any district judge may, *upon reasonable notice* to the parties, make, direct, and award, at chambers or in the clerk's office, and in vacation as in term, all such process, commissions, orders, rules and other proceedings, whenever the same are not grantable of course, according to the rules and practice of the court." (Italics those of the court.) [1, 2] Neither the Governor nor Attorney General is named in the complaint as a party defendant, yet the statute, at least in so far as the application for an interlocutory injunction is concerned, makes both the Governor and the Attorney General indispensable parties, and there must be reasonable notice to both before a determination pursuant to the statute be had on such application. By section 266 no difference is made between the notice to be given the Governor and the Attorney General and that to be given to the defendants. In so far as the Governor and Attorney General are concerned, while the notice mailed them informed them of the time and place of hearing the application, number of the case and names of plaintiff and defendants, all the information furnished by it as to the nature of the relief sought was that it was an application for an interlocutory injunction, under section 266 of the Judicial Code, and that the defendants would be served with a copy of the order, complaint, and motion for the interlocutory injunction.

It may be that the Attorney General has waived any defect in the notice, but the question remains as to the sufficiency of the notice served upon the Governor. The notice did not inform him of the particular law of the state of Washington, enforcement of which was sought to be enjoined, nor of the particular official acts sought to be enjoined, nor on what ground such law was claimed to be unconstitutional, nor the time when the defendants would be served with copies of the court's order, complaint, and motion. Such is not the notice required by law, nor the reasonable notice intended by rule No. 1.

In the absence of such notice, the court will decline to determine the merits of plaintiff's application for an interlocutory injunction.