**BORGES et al. v. LOFTIS et al. ***

No. 8406.

Circuit Court of Appeals, Ninth Circuit.

Jan. 18, 1937.

*Rehearing denied Feb. 23, 1937.

J. L. Royle, of Fresno, Cal., and Grove J. Fink, of San Francisco, Cal., for appellants.

Roger R. Walch, Dist. Atty., of Hanford, Cal., and Frank B. Collier, Deputy Dist. Atty., of Modesto, Cal., for appellees.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from an order refusing an application for a temporary injunction and dismissing the bill in equity filed by appellants to enjoin enforcement of County Ordinance No. 158 of Kings County, Cal., enacted to control bovine tuberculosis. The ordinance requires that cattle shall be subjected to a test for tuberculosis and that such cattle as, by the reaction to the test, are shown to have tuberculosis, shall be slaughtered.

The appellants alleged in their bill that their cattle were free from disease, that they had not yet been tested, but that a notice had been served upon them that the inspecting authorities contemplated making a test. Without awaiting the result of the test, they brought this action to enjoin the officers in attempting to enforce the county ordinance in question.

It is clear that the action is premature. The appellants base their action upon allegations which they claim justify their apprehension that some of their cattle, although free from disease, will be shown by the test

to be diseased. Their complaint is that, after the determination by the officials of the county and state that the cattle are tubercular, no opportunity is afforded to the owner for hearing upon the question of whether or not the cattle are diseased. It is clear that, until there is an adverse finding as to the health of some or all of their cattle, appellants who alleged that their cattle are free from disease cannot invoke the aid of the court upon the assumption that a well-recognized scientific test required by the ordinance will show such healthy cattle to be diseased. It cannot be said that the alleged injury is "certainly impending." See Commonwealth of Pennsylvania v. State of West Virginia, 262 U.S. 553, 593, 43 S.Ct. 658, 67 L.Ed. 1117, 32 A.L.R. 300.

The appellants claim that the District Judge should have called in another District Judge and a Circuit Judge as required by section 266 of the Judicial Code (28 U.S.C.A. § 380), and that, not having done so, he acted without jurisdiction. The answer to this contention is that the county ordinance was not a state statute within the meaning of Judicial Code § 266. The fact that the county ordinance was adopted in conformity with a state plan applicable to a large number of counties in the state does not convert the ordinance passed by the county board of supervisors into a statute of the state.

The bill was prematurely filed, and for that reason did not state a cause of action for the issuance of an injunction. It is therefore unnecessary to pass upon the other phases of the case. The trial court had jurisdiction.

The order denying the application for a temporary injunction and the decree dismissing the bill are affirmed.