WILENTZ ET AL. *v.* SOVEREIGN CAMP, WOODMEN OF THE WORLD.

No. 448. Argued March 2, 1939.—Decided April 17, 1939.

574

*Mr. E. J. Dimock,* with whom *Messrs. William A. Stevens, S. Lewis Davis,* and *Frank T. Lloyd* were on the brief, for appellants.

574B

*Messrs. David M. Wood* and *Arthur T. Vanderbilt* for appellee.

Mr. Justice Stone delivered the opinion of the Court.

The question is whether we have jurisdiction to consider the merits of this appeal taken under § 266 of the Judicial Code directly to this Court from the decree of a district court of three judges.

Appellee brought the present suit in equity in the District Court for the District of New Jersey, praying a declaratory decree against the validity of certain provisions of the New Jersey Municipal Finance Commission Act, c. 340, New Jersey Laws of 1931, as amended, and an injunction restraining state and municipal officers from acting pursuant to the Commission Act; on the ground that it impairs the obligation of contract in violation of the federal Constitution by depriving appellee of the remedies existing when the contracts were entered into. The Commission Act provides an elaborate scheme for the control and management of the affairs of any municipality, found by the Supreme Court to be unable to meet its obligations when due, by a commission composed of state officers acting in conjunction with the local municipal authorities. The Act, in its amended form, appears in Title 52, c. 27, §§1 to 66, inclusive, c. 24, § 19.1, c. 14, § 32, Title 1, c. 1, § 10, Revised Statutes of New Jersey, 1937.

Appellants, members of the Municipal Finance Commission, and the other appellants, members of the Board of Assessors of the Borough of Runnemede, a New Jersey municipal corporation, and its Tax Collector, were joined

as defendants. Decision on an application for an interlocutory injunction, presented to the district court of three judges assembled pursuant to § 266 of the Judicial Code, and also on a motion of appellants to remit the case to a single district judge, was reserved, and the court, after hearing, rendered its final decree sustaining appellants' contention that the challenged statute was unconstitutional and granting relief by injunction against all the appellants. The case comes here on appeal under §§ 238 and 266 of the Judicial Code. 28 U. S. C. §§ 345, 380.

Appellants press here the objection made below that the case is not one for a court of three judges as prescribed by § 266 of the Judicial Code, and that consequently this Court is without jurisdiction to pass on the merits of the appeal taken directly from the district court, a contention which requires our consideration of the nature of the cause of action and of the relief sought and awarded. See *Oklahoma Gas & Electric Co.* v. *Oklahoma Packing Co.*, 292 U. S. 386.

The bill of complaint states that appellee, a fraternal benefit life insurance association, organized under the laws of Nebraska, purchased on June 1, 1930, school bonds issued by the Board of Education of the Borough of Runnemede, which is coterminous with the school district of Runnemede; that default having occurred in the payment of principal and interest on the bonds remaining unpaid, appellee brought suit upon them in a federal court and on December 5, 1935, recovered a judgment against the Board of Education in the sum of $21,776.21, execution upon which was returned unsatisfied; and that appellee then began in the federal district court for New Jersey a suit for mandamus, which is still pending undecided, to compel the proper officers of the Borough to assess and collect taxes for payment of appellee's judgment.

The bill of complaint further alleges that appellee's contract, acquired by the purchase of the bonds, has been impaired in violation of the contract clause of the Constitution (Art. I, § 10) by the later enactment of c. 195, and § 17 of c. 258, New Jersey Laws of 1935, which extended the stay provisions of the State Municipal Finance Commission Act (§§ 351, 352, 354, Municipal Finance Commission Act, as amended by §§ 8, 9, c. 330, New Jersey Laws of 1933, c. 191, New Jersey Laws of 1935) to a school district whenever the Commission shall function in a municipality which is coterminous with the school district. In that event § 17 stays suits and proceedings for recovery on school bonds of the municipality and stays execution on judgments in such suits, except that the Supreme Court or one of its justices is given discretionary power on application, prescribed by the statute, to authorize the suit to proceed, or execution to issue, under conditions calculated to secure equality of treatment of all creditors.

Section 103 of the Municipal Finance Act provides that upon petition of a municipality showing that it "is not in a position to meet its obligations when due," a justice of the Supreme Court is authorized to make an order to that effect, whereupon the "commission shall function" in that municipality "with all the powers and duties conferred by this act." It is alleged in the bill of complaint, and was found below, that a justice of the Supreme Court had determined that the Borough of Runnemede was unable to meet its obligations and that the Commission, pursuant to the statute, then commenced to function and has since functioned in the Borough and in its coterminous school district.

As a further impairment of appellee's contract the bill of complaint alleges that in 1930, when the school district bonds were issued, the statutes of New Jersey provided

that taxes levied on property within the state should be paid only in lawful money of the United States, but that § 6 of c. 330 of the New Jersey Laws of 1933 authorizes the governing body of a municipality in which the Commission is functioning to compromise and adjust delinquent taxes due the municipality, except claims for taxes in excess of $500, which may not be so compromised without the written assent of the Commission; that acting under these provisions the Commission has given its written assent to compromises previously authorized by the Runnemede Borough Council, whereby bonds were received in payment of taxes due the Borough in excess of $500, thus impairing the security and obligation of appellee's bonds.

The bill of complaint prays a judicial declaration that appellee's right to compel a levy and collection of taxes for the satisfaction of its judgment is governed by § 35 of the Execution Act of New Jersey, 2 Comp. Stat. of New Jersey, p. 2255, and § 237 of the School Law of New Jersey, 4 Comp. Stat. of New Jersey, p. 4804, in force in 1930, when the school bonds were issued; that the statutes assailed, c. 330, New Jersey Laws of 1933, cs. 195 and 258, New Jersey Laws of 1935, all as amended and supplemented, be declared unconstitutional and void as infringing the contract clause; that the Commission be enjoined from functioning in the Borough of Runnemede and from assenting to the compromise of delinquent taxes of the Borough for any sum less than the full amount due, and that appellant Tax Collector be enjoined from carrying into effect any such compromise; that appellants, the Borough's Assessors and its Tax Collector, be enjoined from assessing and collecting taxes for the year 1936 without including in them the amount of appellee's judgment.

The trial court sustained the allegations of the bill by its findings and granted the relief prayed, except that it declined to enjoin any action by the Assessors and Col-

lector with respect to the assessment and collection of 1936 taxes. In enjoining the Commission from functioning in the Borough the court directed that its decree should be "without prejudice to any of the powers or duties of the Municipal Finance Commission under the Municipal Finance Commission Act except as the stays therein contained affect the right of the complainant to enforce its judgment." The decree in its practical operation thus enjoined no action by the Commission and amounted to no more than a declaration that the stay provisions of the challenged statute were invalid and unenforceable.

By § 266 of the Judicial Code, a suit in which application is made and pressed for an interlocutory injunction "restraining the enforcement, operation, or execution of any statute of a State by restraining the action of any officer of such State in the enforcement or execution of such statute, or in the enforcement or execution of an order made by an administrative board or commission" is required to be heard by a court of three judges constituted as the section prescribes. The section also declares that "a direct appeal to the Supreme Court may be taken from a final decree granting or denying a permanent injunction in such suit." Our jurisdiction to hear the appeal on the merits, which is now challenged, turns upon the question whether the present is "such suit."

The reasons for the adoption of the extraordinary procedure prescribed by § 266 of the Judicial Code in the class of cases defined by it, and the rule that it may be invoked only when the suit is one to restrain state officers, have often been pointed out. *Ex parte Collins*, 277 U. S. 565; *Ex parte Public National Bank*, 278 U. S. 101; *Stratton* v. *St. Louis Southwestern Ry. Co.*, 282 U. S. 10; *Oklahoma Gas & Electric Co.* v. *Oklahoma Packing Co.*, *supra*. This requirement is one of substance, not of form, and it is not satisfied by joining, as nominal parties defendant,

state officers whose action is not the effective means of the enforcement or execution of the challenged statute. See *Oklahoma Gas & Electric Co.* v. *Oklahoma Packing Co., supra,* 391.

By its terms § 266 embraces only those cases in which an interlocutory injunction is sought to prevent the operation of a tate statute "by restraining the action" of a state officer "in the enforcement or execution of such statute." Here it appears on the face of the bill of complaint, and from the findings, that the statutes assailed as unconstitutional are those prescribing a stay of suit or execution against any municipality and its coterminous school district in which the commission is functioning, and also the statute which permits a compromise of delinquent taxes by such a municipality and school district. The only state officers against whom an injunction is sought are the members of the Commission. But they are clothed with no authority to enforce the challenged statutes and have taken no steps to enforce them. The stays prescribed by the statute become effective with respect to any particular municipality by virtue of other statutory provisions whenever the state Supreme Court finds that the municipality is unable to meet its obligations. The order of the Supreme Court promulgating its finding is the decisive action which calls the stay provisions into operation, and when that action is taken the statute becomes self-executing. The Commission is thus without power to grant or withhold a stay, and as the form of the decree, already noted, shows, there is no occasion to enjoin action by the Commission as the means of preventing operation of the stay provisions.

The Commission is similarly without authority to enforce the provisions of the Act of 1933, authorizing the compromise of delinquent taxes. Its written assent, prerequisite to execution of a compromise which the Commission cannot command, is not an order within the

meaning of § 266. *Great Northern Ry. Co.* v. *United States*, 277 U. S. 172. The Borough Council, whose members are not state officers and are not parties to the present suit, is the exclusive agency for arranging the compromise. The effective agent for carrying the statute into execution is appellant Borough Tax Collector, who is not a state officer. The functions which the Council and the Collector perform, affecting the collection of taxes for payment of the local school district bonds, are not state, but local functions, and a suit for an injunction restraining such action by local officers is not within § 266. *Ex parte Collins, supra; Ex parte Public National Bank of New York, supra;* cf. *Spielman Motor Co.* v. *Dodge,* 295 U. S. 89.

Even though the written assent of the Commission, without which there can be no compromise of tax claims in excess of $500, be said to be action in "execution" of the statute, we think this case is not one for a court of three judges, because the injunction sought against the Commission is but incidental to the sole purpose of the suit to prevent the performance by local officers of a local function. The members of the Commission are not necessary parties to the suit, and there is no occasion for relief against them in addition to that sought against the Collector. The Commission, in the performance of its statutory duty, acts only to approve the exercise by local officers of an authority conferred on them as such. A suit to restrain the latter from carrying into execution a state statute by performance of the local function which it authorizes is not to be brought within the purview of § 266 by the expedient of adding as nominal parties state officers whose presence is not necessary to prevent the operation of the challenged statute and whose only action is the approval of that of local officers to be taken under it. In such circumstances their presence in the suit generates no interest which it is the purpose of § 266 to

protect and must be regarded as colorable only for the purpose of securing the advantages of proceeding before a court of three judges, as was the presence of the state officers in *Oklahoma Gas & Electric Co.* v. *Oklahoma Packing Co., supra,* where it was held that there was no appeal under § 266.

The extraordinary procedure before a court of three judges, designed for a specific class of cases sharply defined by the statute, cannot properly be extended to cases in which there is no substantial basis for relief by injunction restraining the action of state officers in enforcing or carrying into effect a challenged state statute of general application. *Ex parte Collins, supra; Oklahoma Gas & Electric Co.* v. *Oklahoma Packing Co., supra,* 391. Here the issue is not one of jurisdiction of the district court as a federal court, see *Ex parte Poresky,* 290 U. S. 30, 31; *Healy* v. *Ratta,* 292 U. S. 263, but is whether a final hearing by three judges is prescribed by the section and hence whether this Court has jurisdiction to hear the appeal. *Smith* v. *Wilson,* 273 U. S. 388. As the case was not one for which a court of three judges is prescribed by § 266, no appeal lies to this Court and it is without jurisdiction to hear the merits of the appeal.

In the exercise of its appellate jurisdiction, this Court has authority to give such directions as may be appropriate to enforce the limitations of § 266, and may frame its mandate in such manner as will save to appellants their appropriate remedy by appeal to the proper court. *Oklahoma Gas & Electric Co.* v. *Oklahoma Packing Co., supra; Gully* v. *Interstate Natural Gas Co.,* 292 U. S. 16. But as is indicated by the briefs, appellants have already taken an appeal from the decree below to the Court of Appeals for the Third Circuit, and it thus appears that their remedy will be preserved by dismissing the appeal to this Court without more.

The appeal will be dismissed with costs to appellants. See *Mansfield, C. & L. M. Ry. Co.* v. *Swan,* 111 U. S. 379,

387; *Oklahoma Gas & Electric Co.* v. *Oklahoma Packing Co., supra.*

> *Appeal dismissed.*