**George W. SHELDON, Patricia Ruth Sheldon, Merle Wallace Wingo and Betty Mae Wingo, Plaintiffs,**

**v.**

**Paul FANNIN et al., Defendants.**

**Civ. No. 749–Pct.**

United States District Court
D. Arizona.

Sept. 18, 1962.

Hayden C. Covington, Brooklyn, N. Y., and Harry J. Valentine, Phoenix, Ariz., for plaintiffs.

Robert W. Pickrell, Atty. Gen., by Frank Sagarino, Asst. Atty. Gen., Phoenix, Ariz., Fred O. Wilson, County Atty., Navajo County, Holbrook, Ariz., for defendants.

Before MERRILL, Circuit Judge, and LING and DAVIS, District Judges.

PER CURIAM.

As we understand the position of plaintiffs (through examination of the entire record before us, their briefs and oral argument,) it is that members of a local school board, acting under authority bestowed by state statutes, state-wide in their application to school boards, have violated constitutional rights of these plaintiffs. Such violation consisted of requiring these plaintiffs, as students, contrary to their religious beliefs and on penalty of expulsion, to stand while the national anthem was sung or played in school. This requirement was not imposed by statute or by administrative action of any state agency or officer other than the local school board itself, and had no application to any other school district.

As we read the decisions of the Supreme Court of the United States this does not present a case for a three-judge court. Ex parte Bransford (1940), 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249; Wilentz v. Sovereign Camp (1939), 306 U.S. 573, 59 S.Ct. 709, 83 L.Ed. 994; Ex parte Public National Bank of New

York (1928), 278 U.S. 101, 49 S.Ct. 43, 73 L.Ed. 202; Ex parte Collins (1928), 277 U.S. 565, 48 S.Ct. 585, 72 L.Ed. 990; See: City of Cleveland v. United States (1945), 323 U.S. 329, 65 S.Ct. 280, 89 L.Ed. 274.

Plaintiffs have this day tendered four proposed amendments to the first amended complaint. Their motion for leave to amend in these respects is opposed by the defendants. Without ruling on these motions this Court has accepted them as offers of proof. We find nothing in them to change our views as here expressed.

This Court as now constituted may then proceed no further.

Accordingly, upon this Court's own motion, IT IS ORDERED that this case proceed henceforth before the single judge to whom the case was originally assigned, as if this three-judge court had never been convened.