Donald E. **JOHNSON** et al., Plaintiffs,

v.

**GENESEE COUNTY, MICHIGAN**, a Michigan Governmental Corporation, and The Genesee County Drain Commissioner, Defendants.

**Civ. A. No. 52.**

United States District Court
E. D. Michigan, N. D.,
at Flint.

June 18, 1964.

See also D.C., 232 F.Supp. 567.

**564**

William J. Kane, Flint, Mich., for plaintiffs.

McTaggart & Lattie, by William McTaggart, and John G. David, Flint, Mich., for defendants.

Before O'SULLIVAN, Circuit Judge, and THORNTON and ROTH, District Judges.

PER CURIAM.

This action was instituted on behalf of four classes of citizens residing within the City of Flint, County of Genesee, State of Michigan, i. e. (1) taxpayers, (2) parents who have children in attendance at public schools within the said city, (3) minors and school children attending such schools, and (4) residents of the city, not necessarily members of the first three classes, against Genesee County, and the Genesee County Drain Commissioner, who has been designated by the Genesee County Board of Supervisors as its agent in connection with the establishment, maintenance and operation of a system of sewer and sewage system improvement services, known as Genesee County Sanitary Sewage District Disposal System No. 1.

The facts, so far as they are material to the issues, are either admitted in the pleadings or the subject of stipulation of the parties. According to the 1960 decennial census, the population of Genesee County was 374,313; that of the City of Flint, located in said county, 196,940, so that the population of the city was 52.61% of that of the county. The total number of supervisors constituting the Genesee County Board of Supervisors is 53; the number of supervisors on said board representing the city is 22, or 41.51% of the membership of the board. On a proportionate basis, each city representative represents 8,952 people, whereas another municipality in the county, the City of Swartz Creek, has a representative on said board for each 1002 people; and the City of Grand Blanc has a representative for 783 people.

On October 8, 1963, the Genesee County Board of Supervisors adopted two resolutions—one to establish the sewage disposal district which is the subject of this litigation, and the other pledging the full faith and credit of the county for the payment of principal and interest on bonds to be issued to finance the improvement. The first of these resolutions was adopted by a vote of 30 affirmative and 21 negative votes. Of the 30 affirmative votes, one vote was cast by a supervisor from the City of Flint; of the 21 negative votes, 20 were cast by supervisors from the City of Flint. The second resolution was adopted by a vote of 37 to 11.

The plaintiffs seek to invoke the jurisdiction of this Court under the due process and equal protection of the law provisions of the Fifth and Fourteenth Amendments to the United States Constitution; the Civil Rights Acts; Title 42 United States Code, Sections 1983 and 1988; and Title 28 United States Code, Sections 2281 and 2284, and pray that a three-judge district court be convened, and a preliminary and permanent injunction issue restraining the defendants from entering into contracts or agreements implementing the actions of the Board of Supervisors in the establishment or installation of the sewage disposal system, and from issuing any bonds for the financing of said project.

The matter came on for hearing on the order to show cause why an interlocutory injunction should not issue, and on the motions of the defendants to dismiss and for a summary judgment. It was stipulated between the parties, through their counsel, that the case be considered submitted not only on the order to show cause and the motions to dismiss and for a summary judgment, but also on the merits. The case, therefore, is considered on the pleadings, the answers to

interrogatories, affidavits filed, exhibits attached to pleadings and affidavits, and the stipulations of the parties.

Taking up the matter in the order which seems to us best suited to a disposition of the case, we first consider the propriety of calling into session a statutory three-judge court.

Counsel for the plaintiffs (transcript page 77) makes plain that plaintiffs seek to invalidate only the actions of the Board of Supervisors as respects the resolutions for the establishment of the sewage district and the pledging of the faith and credit of the county in support thereof:

" * * * I would abandon any claim that the Board of Supervisors in their action, other than in this one instance, should be set aside or held invalid. I do strongly urge upon the Court that when we have, and I repeated it several times, the direct combination of lack of representation and a resulting vote adverse to the majority, then I think the Court can find that it is a denial of due process and equal protection of the law as to that majority."

The amended complaint seeks to have the Court set aside and hold as void the said resolutions, enjoin defendants from entering into any contracts or agreements and issuing any bonds to finance the project. (Paragraphs 9 and 10 of the prayer for relief.)

It appears plain, therefore, that this suit is brought for the purpose of invalidating a local municipal action proposed to be undertaken by local officials. The teaching of the United States Supreme Court is that a suit of this kind does not warrant the attention of a three-judge federal court under Title 28, Section 2281 of the United States Code.

The plaintiffs rely upon the alleged unconstitutional apportionment of the Board of Supervisors as a basis for invalidating its actions in establishing the sewage district and pledging the county's full faith and credit, and enjoining the defendants from implementation

of such actions. They do not seek a reapportionment of the board.

Title 28, United States Code, Section 2281 provides:

"An interlocutory or permanent injunction restraining the enforcement, operation or execution of any state statute by restraining the action of any officer of such state in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under state statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."

The leading case on this subject is Ex Parte Collins, 277 U.S. 565, 48 S.Ct. 585, 72 L.Ed. 990. The purpose of the suit was to enjoin the city, its officers, and the contractor, from proceeding under a resolution adopted by the city directing the paving of a street on which the petitioner was an abutting owner. The improvement was to be made pursuant to a general statute of the State of Arizona, and the cost was to be defrayed by bonds issued pursuant to another general statute. The petitioner claimed that the statutes made no proper provision for giving the property owner a hearing, and that therefore, they contravened the due process clause of the Fourteenth Amendment to the Federal Constitution.

The Court said:

"Thus, the section has long been held inapplicable to suits seeking to enjoin the execution of municipal ordinances, or the orders of a city board. And likewise it has been held that the section does not apply where, as here, although the constitutionality of a statute is challenged, the defendants are local officers and the suit involves matters of interest only to the particular municipality or district involved. Despite the generality of the lan-

guage, we think the section must be so construed."

\* \* \* \* \* \*

"That the provisions of section 266 (now Title 28, Section 2281, United States Code) applied to cases of unusual gravity was recognized by Congress in 1925, when, in limiting the right of direct appeal from the district court to this court, it carefully preserved that right in cases falling within the section. Cases like the present are not of that character. If the temporary injunction had been issued, the result would have been merely to delay a municipal improvement. Though here the alleged unconstitutionality rests in the enabling statute, the case does not differ substantially from one where the sole claim is that a city ordinance is invalid. Moreover, the enabling act is not itself being enforced within the meaning of Section 266. That act merely authorizes further legislative action to be taken by the city, as by the resolution here in question. It is that municipal action, not the statute of a state, whose 'enforcement, operation, or execution' the petitioner seeks to enjoin."

In Rorick v. Board of Com'rs of Everglades Drainage District, 307 U.S. 208, 59 S.Ct. 808, 83 L.Ed. 1242, Justice Frankfurter (for a unanimous Court; Justice Douglas taking no part in the consideration or disposition of the case) said:

"Plainly, the matter here in controversy is not one of statewide concern but affects exclusively a particular district in Florida. \* \* \* "

"What was matter of local concern in Ex Parte Everglades Drainage District, supra,—the administration of the affairs of the District—remains matter of local concern in the present suit. The nature of the controversy—legislation affecting a locality 'as against a policy of statewide concern'—has re-

mained unchanged \* \* \*. This suit fails to satisfy an essential requirement of Section 266."

The sole purpose of this suit is to prevent the performance by local officers of a local function. See Wilentz v. Sovereign Camp., W. O. W., 306 U.S. 573, 59 S.Ct. 709, 83 L.Ed. 994 (unanimous opinion):

"The extraordinary procedure before a court of three judges, designed for a specific class of cases sharply defined by the statute, cannot properly be extended to cases in which there is no substantial basis for relief by injunction restraining the action of state officers in enforcing or carrying into effect a challenged state statute of general application."

See also Borges v. Loftis, 9 Cir., 87 F.2d 734, page 735:

"The appellants claim that the District Judge should have called in another District Judge and a Circuit Judge as required by Section 266 of the Judicial Code (28 U.S. C.A., Section 380), and that, not having done so, he acted without jurisdiction. The answer to this contention is that the county ordinance was not a state statute within the meaning of Judicial Code § 266. The fact that the county ordinance was adopted in conformity with a state plan applicable to a large number of counties in the state does not convert the ordinance passed by the county board of supervisors into a statute of the state."

The Court is of the opinion that this case does not fall within the provisions of 28 U.S.C. § 2281, and that it is inappropriate that the two judges who have been called to the assistance of the district judge to hear and to determine the matter should further participate in such hearing and determination. These judges will, therefore, withdraw from the cause and permit the district judge alone to determine the questions involved.