**Joseph P. GIORDANO et al.**

**v.**

**Hiram F. STUBBS et al.**
**Civ. A. No. 15577.**

United States District Court,
N. D. Georgia,
Atlanta Division.
Nov. 15, 1971.

See also, D.C., 335 F.Supp. 110.

Haas, Holland, Levison & Gibert, Atlanta, Ga., for plaintiffs.

Stark & Stark, Lawrenceville, Ga., for O. Millard Peevy.

Huie & Harland, Atlanta, Ga., for Hiram F. Stubbs.

Before BELL, Circuit Judge, and EDENFIELD and O'KELLEY, District Judges.

EDENFIELD, District Judge:

Plaintiffs seek declaratory and injunctive relief against the enforcement of [1970 Supp.] Ga.Code Ann. § 67–1506 [1] on the ground that this statute, as authoritatively construed by the Georgia courts, deprives them of their property without due process of law and is unconstitutional. Plaintiffs also contend that this case should be determined by a three-judge court in accordance with 28 U.S.C. § 2281 (1970).[2] A three-judge court has been designated by order of Chief Judge Brown of the Fifth Circuit and the threshold question is whether this is a proper case for a three-judge court. We hold that it is not.

Plaintiffs' complaint alleges that they were indebted to defendant Stubbs in

---

1. "No sale of real estate under powers contained in mortgages, debt, deeds, or other lien contracts shall be valid unless the sale shall be advertised and conducted at the time and place and in the usual manner of Sheriff's sales in the county in which such real estate, or a part thereof, is located."

This section was originally codified as § 37–607 but its location has now been transferred to Title 67 of the Georgia Code. *See* the Editorial Note to [1970 Supp.] Ga.Code Ann. § 67–1503.

2. "An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."

the amount of $30,000 which was secured by a first security deed on certain real property owned by them. Subsequently plaintiffs sold the property to defendant Pope who assumed the debt to Stubbs and also gave plaintiffs a note for $163,500 secured by a second security deed on the property. Pope defaulted both on the debt to Stubbs and the debt to plaintiffs and is now insolvent. Thereafter Stubbs foreclosed on the property by selling it at public outcry pursuant to a power of sale contained in his first security deed. He did not give actual notice of the sale to plaintiffs and his agent purchased the property at the sale for $35,000 which he applied against the debt, interest, and expenses of the foreclosure sale, leaving no excess. The land is allegedly worth $200,000. As a result of the sale a deed was executed in favor of Stubbs purporting to convey the property to him, and the deed was recorded in Gwinnett County, Georgia, by defendant Peevy, the Clerk of the Superior Court of Gwinnett County.

Plaintiffs claim that under § 67–1506 of the Georgia Code, defendant Stubbs was required only to advertise the foreclosure sale; he was not statutorily required to give them actual notice. They say that had they received notice they would have appeared at the sale and bid on the property to protect their interest. Since § 67–1506 does not require actual notice in such circumstances, plaintiffs contend it is unconstitutional because it deprives them of their property without due process. Among their prayers for relief is one requesting an injunctive order directing defendant Peevy to cancel the recordation of the deed in favor of Stubbs.

██ It is well established that 28 U.S.C. § 2281 (1970) is a technical statute which must be strictly construed.

Mitchell v. Donovan, 398 U.S. 427, 431, 90 S.Ct. 1763, 26 L.Ed.2d 378 (1970); Allen v. State Board of Elections, 393 U.S. 544, 561–562, 89 S.Ct. 817, 22 L.Ed. 1 (1969). In particular, the requirement that the action seek to enjoin a state officer from enforcing or executing the challenged statute cannot be circumvented by joining as a defendant a state officer whose action is not the effective means by which the statute is enforced or executed. Moody v. Flowers, 387 U.S. 97, 102, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967). Plaintiffs contend that defendant Peevy "executed" § 67–1506 by recording the deed in favor of Stubbs. We do not agree.

██ Under [1971] Ga.Code Ann. § 24–2715 Peevy, as Clerk of the Superior Court of Gwinnett County, must record instruments affecting title to land. This, of course, includes a deed to property, whether the property was purchased at a foreclosure sale or otherwise. Peevy is clothed with no authority to enforce the challenged statute—§ 67–1506—nor has he taken any steps to enforce it. The Clerk's duty to record deeds simply does not touch upon the statutory notice requirement in a foreclosure sale and Peevy's action cannot be considered an "execution" or enforcement of § 67–1506. Therefore, this case is not a proper one for determination by a three-judge court. Wilentz v. Sovereign Camp, 306 U.S. 573, 59 S.Ct. 709, 83 L.Ed. 994 (1939); Newport News Fire Fighters Ass'n v. City of Newport News, Va., 307 F.Supp. 1113 (E.D.Va. 1969).

Accordingly, this three-judge court is hereby dissolved and the case is remanded to the writer of this opinion for a decision on the merits as a single-judge case.

It is so ordered.