**PUERTO RICO INTERNATIONAL AIRLINES, INC., Plaintiff,**

v.

**Guillermo COLON et al., Defendants.**

**Civ. No. 75–1135.**

United States District Court,
D. Puerto Rico.

Dec. 10, 1975.

Donald M. Hall, McConnell, Valdés, Kelley, Sifre, Griggs & Ruiz-Suria, San Juan, P. R., for plaintiff.

Ginoris Vizcarra de López Lay, Santurce, P. R., for Guillermo Colon, and others.

Roberto Armstrong, Jr., Asst. Sol. Gen., Dept. of Justice, San Juan, P. R., for Rodriguez Rosa and Belén Bonit.

## OPINION AND ORDER

TOLEDO, Chief Judge.

On October 3, 1975, plaintiff Puerto Rico International Airlines, Inc., hereinafter "Prinair", filed the instant complaint against Guillermo Colon, et als, ninety eight (98) pilots of Prinair who have sued plaintiff in the Superior Court of Puerto Rico, San Juan Section, and against Pedro Rodriguez Rosa and Belen Bonit, Chief Marshal and Clerk, respectively, of said Superior Court of Puerto Rico, San Juan Section. Invoking jurisdiction of the Court under Title 28, United States Code, Section 1343 and also under Title 28, United States Code, Section 1331, plaintiff brings the action pursuant to the provisions of Title 42, United States Code, Section 1983 and Title 28, United States Code, Section 2201, requesting declaratory and injunctive relief as well as the designation of a three judge court pursuant to the provisions of Title 28, United States Code, Sections 2281 and 2284.

In essence, plaintiff claims that defendants Colon, et als, hereinafter "the pilots", as plaintiffs in an action for wages brought in the Superior Court of Puerto Rico, San Juan Section, Civil No. PE–70–1572, on or about September 22, 1975 filed a motion in said case requesting that, pursuant to the provisions of Title 32, Laws of Puerto Rico Annotated, Section 3133, the property of Prinair be attached in the amount of one million dollars ($1,000,000) to secure the judgment which may be obtained in the action. Plaintiff contends that the requested attachment will deprive Prinair of the full and unrestricted use of its property, especially of its aircraft, and thereby will cause Prinair to suffer immediate and irreparable harm. Plaintiff further contends that Title 32, Laws of Puerto Rico Annotated, Section 3133 is unconstitutional both on its face and as applied to plaintiff since it authorizes a preventive attachment of property in an action for wages without the posting of a bond to cover any damages or losses which the aggrieved party may suffer due to said attachment and without providing for a hearing to determine the probability that the complaining party will prevail on the merits in the pending action, thereby authorizing the taking of property without due process of law and the equal protection of the laws in violation of the Fourteenth and Fifth Amendments of the Federal Constitution.

In its prayer for relief, plaintiff asks that a three judge court be convened pursuant to Title 28, United States Code, Sections 2281 and 2284, that a preliminary and permanent injunction be issued enjoining the defendants in this action and their respective attorneys, agents, servants and employees from interfering in any way with plaintiff's full and unrestricted use of its property in the Commonwealth of Puerto Rico by encumbering it with attachments made under color of Title 32, Laws of Puerto Rico Annotated, Section 3133 without the posting of bond by defendant pilots and without a hearing to determine their probability of success as plaintiffs in *Colon, et als v. Prinair*, supra, that the Court declare and adjudge that the provisions of Title 32, Laws of Puerto Rico Annotated, Section 3133 deprive plaintiff of its property without the due process and equal protection of the law required under the Fifth and Fourteenth Amend-

ments to the Federal Constitution and, finally, that plaintiff be awarded its costs and expenses, including attorney's fees, and such further relief as the Court may deem just and proper.

On the same date the complaint was filed the Court issued an order to the defendants to appear before the Court on October 24, 1975 to show cause why a three judge court should not be convened and why a preliminary injunction should not be issued against them pending a judgment in the complaint and request for permanent injunction filed by the plaintiff.

On the date of the hearing defendants Pedro Rodriguez Rosa and Belen Bonit filed a motion to dismiss, supported by the required brief, on the grounds that the complaint fails to show any case or controversy involving said defendants and plaintiff, that the complaint fails to state facts upon which any relief can be granted by this Court and, finally, the considerations of comity and federalism require, given the circumstances of this case, that this Court abstain from enjoining the proceedings before the Superior Court of Puerto Rico and that the complaint be dismissed without convening of a three judge court due to the absence of a substantial Federal question. On their part defendants Reginaldo Blanco and Donald V. Browne, the only two Prinair pilots served in the action, filed a motion with supporting brief requesting dismissal of the action without the convening of a three judge court on the grounds that since procedural irregularities preclude the proper adjudication of the case by this Court the complaint fails to state a claim upon which relief can be granted. The motion further argues that the case should be dismissed because considerations of equity, comity and federalism require this Court to abstain from asserting Federal court jurisdiction in the case, that the doctrine of abstention requires this Court to stay its hand until the state law issues are resolved and, finally, that the circumstanc-

es of the case preclude the granting of injunctive relief.

On that same date, October 24, 1975, plaintiff filed its memorandum of law in support of its request for a temporary restraining order and for the convening of a three judge court and, pursuant to our Order to Show Cause of October 3, 1975, the parties presented oral argument on plaintiff's request for the convening of a three judge court and the granting of a preliminary injunction. Having heard the parties, the Court then granted plaintiff ten days to file its opposition to the motions to dismiss filed on that day by the defendants, as well as any memorandum of law in support thereto, whereupon the matter would stand submitted. Plaintiff having filed a memorandum in opposition to the motions to dismiss on November 3, 1975, to which defendants Reginaldo Blanco and Donald V. Browne filed a reply brief on November 5, 1975 without any subsequent response by plaintiff, and the Court having carefully considered the arguments advanced by the parties, the Court will now proceed to rule on all pending matters without further delay.

For the reasons we will briefly outline below, the request for convening of a three judge court must be denied and the complaint dismissed. Plaintiff has not shown entitlement to the relief sought. In fact, it would be an understatement to say that plaintiff has not made a strong case. Even though defendants have failed to focus adequately their contentions, nevertheless, it is hard to perceive how plaintiff could hope to prevail on a case that not only lacks any merit but is also procedurally defective.

██ To start with, defendants Reginaldo Blanco and Donald V. Browne, are not state officials and are thus outside of the reach of a civil rights action under Title 42, United States Code, Section 1983 unless they be charged with conspiring with state officers or otherwise acting under "color of law" to deprive plaintiff of federally protected rights.[1]

1. See, e. g., *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *United States v. Price*, 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966); *El Mundo, Inc.*

Such an allegation has not been made. Further, these two pilots are the only ones which have been served. Plaintiff not having requested certification of a defendant class to include all ninety eight pilots, even if defendant pilots were to be found amenable to an action under Title 42, United States Code, Section 1983, injunctive relief simply could not be provided in this action against the ninety six defendants named but not served. They would clearly be indispensable parties, notwithstanding plaintiff's tortured interpretation of *Shields v. Barrow*, 58 U.S. (17 How.) 130, 139, 15 L.Ed. 158, 160 (1855) and *Stevens and Loomis*, 334 F.2d 775, 777 (1 Cir. 1964).

■ On their part, defendants Pedro Rodriguez Rosa and Belen Bonit, although employees of the state, are not "state officers" for purposes of Title 28, United States Code, Section 2281. As Chief Marshal and Clerk, respectively, of the Superior Court of Puerto Rico, San Juan Section, said defendants are not charged with the enforcement of Title 32, Laws of Puerto Rico Annotated, Section 3133. They perform strictly ministerial duties, pursuant to judicial orders, and have no involvement with the statute itself. They do not exercise any discretionary powers under the statute and in fact have no duties at all to perform until after a judge, acting under the provisions of the statute, has ordered that a writ of attachment be issued. For its constitutional attack, therefore, plaintiff has failed to bring as defendants any state officers who, being charged with the enforcement or execution of the statute, are proper parties defendant in a suit requesting an injunction against enforcement of a State statute pursuant to

the provisions of Title 28, United States Code, Section 2281.[2]

■ We must also note that when plaintiff asks for an injunction to prevent the encumbering of Prinair's property with attachments made under color of Title 32, Laws of Puerto Rico Annotated, Section 3133 without the posting of a bond and without a hearing to determine the probability of success of the plaintiffs in *Colon, et als v. Prinair*, supra, the injunction is actually directed against the Judge who, under said statute, could order that such a writ of attachment be issued. Thus, although the Judge in *Colon, et als v. Prinair* has not been made a party to this suit, nevertheless, plaintiff is indeed asking that an ongoing state court proceeding be enjoined, specially since in order to come to this Court it obtained a continuance of the hearing required by the statute to be held prior to a determination on the request for attachment. We therefore can not ignore the strictures of Title 28, United States Code, Section 2283 nor the considerations of equity, comity and federalism and the doctrine of abstention which have all been invoked·by defendants.[3]

Turning now to the challenged statute we find that it has not as yet been construed by the Supreme Court of Puerto Rico and we can not anticipate how it would interpret its wording. Thus, had this case been considered a proper constitutional attack, certification of the issue to the Supreme Court of Puerto Rico would most probably precede any action by the three judge court convened. In any event, the wording of Law 107 of June 21, 1968, Title 32, Laws of Puerto

---

*v. Puerto Rico Newspaper Guild, Local 225*, 346 F.Supp. 106 (D.C.P.R.1972); *Kerrigan v. Boucher*, 326 F.Supp. 647 (D.C.Conn.1971), affirmed, 450 F.2d 487 (2 Cir. 1971).

**2.** See *Wilentz v. Sovereign Camp*, 306 U.S. 573, 59 S.Ct. 709, 83 L.Ed. 994 (1939); *McCrimmon v. Daley*, 418 F.2d 366 (7 Cir. 1969); *Arneson v. Denny*, 25 F.2d 993 (D.C. Wash.1928).

**3.** See *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1974); *Samuels v. Mackell*, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971); *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Puerto Rico International Airlines, Inc. v. Silva Recio*, 520 F.2d 1342 (1 Cir. 1975).

Rico Annotated, Section 3133 is as follows:

"In actions for wages under labor legislation in force a preventive attachment may be effected, without the requirement of furnishing a bond, on the property of the defendant, in an amount sufficient to guarantee the effectiveness of the judgment which at the proper time may be obtained *when, in the judgment of the court where the action is pending, the complaint adduces facts sufficient for a cause of action* in favor of the plaintiff *and there are well founded grounds for fearing, after a hearing to that effect, that* if such attachment is not effected immediately, *the judgment which may be obtained would be academic* because there would be no property in which to execute it. *The court may also order, in substitution or addition to the attachment, any other means which it deems appropriate,* according to the circumstances of the case, *to guarantee the effectiveness* of the judgment which may be obtained, *provided that the defendant may prevent or release the attachment by furnishing a bond* sufficient to the satisfaction of the court." (emphasis supplied).

■ It would seem that under the relevant U. S. Supreme Court cases of *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Mitchell v. W. T. Grant Co.*, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974) and *North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975), the statute could not be found unconstitutional since it provides for strict judicial control of the procedure at all stages, a mandatory hearing prior to any attachment order and a means for the affected party to effect a prompt release of the attachment, if any be issued. See *J. Jonnet et al v. Dollar Savings Bank of the City of New York*, 392 F.Supp. 1385 (W.D.Pa.

1975); *Hutchinson v. Bank of North Carolina*, 392 F.Supp. 888 (M.D. North Carolina 1975). Further, the statute provides for alternate means to guarantee the effectiveness of a future judgment at the discretion of the court and in accordance with the circumstances of the case. Even though the statute does not require the moving party to post a bond to cover any damage or losses which the aggrieved party may suffer due to the attachment in the event the moving party does not obtain a judgment, this does not of itself render the statute facially unconstitutional in view of the legitimate governmental interest involved in making it economically feasible for workers to bring actions for wages under labor legislation enacted for their benefit. Nevertheless, the complaint does meet the low threshold requirements of *Goosby v. Osser*, 409 U.S. 512, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973) and the action should not be dismissed for insubstantiality of the constitutional question presented.

■ However, plaintiff lacks standing to mount a due process attack on the facial constitutionality of Title 32, Laws of Puerto Rico Annotated, Section 3133. Not only has it not yet been subjected to any deprivation of property under said statute, but more importantly, it is clear that plaintiff has been afforded due process even if it could be found that the statute does not require it. As stated in *Broadrick v. Oklahoma*, 413 U.S. 601, at page 610, 93 S.Ct. 2908, at page 2915, 37 L.Ed.2d 830, at page 839 (1972):

"Embedded in the traditional rules governing constitutional adjudication is the principle that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court . . . A closely related principle is that constitutional rights are personal and may not be asserted vicariously."

See also, *McGowan v. Maryland*, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961);

*United States v. Raines*, 362 U.S. 17, 80 S.Ct. 519, 4 L.Ed.2d 524 (1959); *Tileston v. Ullman*, 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603 (1943); *United States v. Wurzbach*, 280 U.S. 396, 50 S.Ct. 167, 74 L.Ed. 508 (1930); *Yazoo & Miss. R.R. v. Jackson Vinegar Co.*, 226 U.S. 217, 33 S.Ct. 40, 57 L.Ed. 193 (1912); *Rodos et al. v. Michaelson*, 527 F.2d 582, First Circuit Court of Appeals, decided November 26, 1975; *Adams v. Askew*, 511 F.2d 700 (5 Cir. 1975); *Paulos v. Breier*, 507 F.2d 1383 (7 Cir. 1974); *Bell v. Hongisto*, 501 F.2d 346 (9 Cir. 1974); *Pordum v. Board of Regents of State of New York*, 491 F.2d 1281 (2 Cir. 1974); *Daulton v. United States*, 474 F.2d 1248 (6 Cir. 1973); *Goguen v. Smith*, 471 F.2d 88 (1 Cir. 1972), affirmed 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974).

Defendants have pointed out to the Court the following facts: that the action for wages in which the attachment of plaintiff's property has been requested, Civil No. PE–70–1572, was filed on or about November 17, 1970; that on or about January 24, 1975, a Resolution relative to all the affirmative defenses raised in said case by Prinair was entered dismissing all said defenses; that having disposed of all the legal issues the Court appointed a master to determine if any wages were owed by Prinair; that Prinair then filed a writ of certiorari before the Supreme Court of Puerto Rico, Number 0–75–200, which writ was issued on May 8, 1975; that on or about August 12, 1975 the stenographer preparing the transcripts of the record estimated the completion of same would require three and a half months from that date; that on or about September 22, 1975 the motion for preventive attachment pursuant to Title 32, Laws of Puerto Rico Annotated, Section 3133 was filed; that on September 29, 1975, the Court scheduled the hearing on said motion for October 10, 1975; that on October 2, 1975, Prinair requested an extension of twenty (20) days to file an opposition to said motion of attachment and, finally, that the following day, October 3, 1975, Prinair filed the instant complaint attacking the constitutionality of Title 32, Laws of Puerto Rico Annotated, 3133 as authorizing the taking of its property without due process.

Plaintiff has not disputed any aspect of the above statement of facts and of the case made by the defendants. In the undisputed factual context of the case, plaintiff simply can not claim it has been denied due process on the basis that a hearing for the purpose of determining the probability that the party requesting the attachment will prevail on the merits in the pending action is not required by the statute. Even in the event that the mandatory hearing contemplated by the statute were to be construed as being limited strictly to a determination as to whether, unless an attachment be effected immediately, the judgment that may be obtained would be academic, that is, even if the statute were to be construed as not allowing the court to inquire into whether there is any basis in fact for the allegations in the complaint or whether there is any likelihood of success on the merits upon consideration of therein defendants' defenses, plaintiff could not claim any constitutional deprivation under the statute. The legal issues had been thoroughly heard and decided prior to defendant's request for attachment, including the issues of whether there was a basis in fact for the allegations in the complaint and whether the legal defenses of Prinair were meritorious, and all that remained to be decided was (1) the appeal; and (2) the master's determination of specific amounts due specific individuals. With respect to plaintiff, therefore, the challenged statute simply could not effect any deprivation of constitutional rights and under the ample jurisprudence previously cited it is clear that plaintiff lacks standing to mount its constitutional attack.

■ Since standing, like a lack of statutory subject matter jurisdiction, is a ground upon which a single judge can decline to convene a three judge court and order dismissal of the complaint, we need not go any further. See *Gonzalez*

*v. Automatic Employees Credit Union,* 419 U.S. 90, 95 S.Ct. 289, 42 L.Ed.2d 249 (1974). We therefore hereby deny the request for the convening of a three judge court and dismiss the complaint, awarding costs to defendants and taxing attorney's fees in the amount of $300.00 on the plaintiff.

The Clerk of the Court is instructed to enter judgment accordingly.

IT IS SO ORDERED.