## HEALEY v. MURNAGHAN et al.

### No. 27785.

District Court, N. D. New York.

Dec. 12, 1939.

John C. Rafter, Jr., of Troy, N. Y., for bankrupt.

Jack Goodman, of Albany, N. Y., for defendant Mealey, Commissioner.

Before L. HAND, Circuit Judge, and COOPER and COXE, District Judges.

PER CURIAM.

This is a motion in a bankruptcy proceeding to enjoin one Murnaghan and the Commissioner of Motor Vehicles of the State of New York from suspending the bankrupt's license to drive, and his certificate registering his motor car, on the ground that the statute authorizing them to do so is unconstitutional. Section 94-b of the Vehicle & Traffic Law of New York, Consol.Laws c. 71, as amended by Chap. 618 of the Laws of 1939, effective as of May 31st, 1939. Since in part the motion is to enjoin a state official from executing a state statute because of its unconstitutionality, it was thought proper to convene a "statutory court" under § 380 of Title 28, U.S. Code, 28 U.S.C.A. § 380. The bankrupt has been adjudicated, but has not yet obtained his discharge. He alleged that Murnaghan had on April 11, 1939, obtained a judgment against him for $825 for personal injuries done her by a motor car, negligently operated by another, but owned by him. Further, that she was threatening to invoke against him the provisions of § 94-b which require the Commissioner to suspend his license to operate the car, and its certificate of registration. On this petition he obtained an order to show cause why both respondents should not be enjoined from putting the section in force; the Commissioner appeared and admitted that, unless enjoined, he would suspend the bankrupt's privileges. The section, as it stood on April 11, 1939, provided that when a judgment for personal injuries was obtained against the owner of a car and it was not satisfied within fifteen days, the clerk of the court where it was entered should send a certified copy of the judgment to the Commissioner of Public Vehicles, who must thereupon suspend the owner's license and certificate for three years, unless the judgment creditor should meanwhile consent to their restoration. Moreover, even then the privileges were not to be restored unless the debtor gave certain specified security in favor of any whom he might injure in the future. The same condition was imposed upon him at the end of the three years' suspension. Discharge in bankruptcy was not to toll the sanctions thus created. By the amendment of 1939 the clerk is to transmit a copy of the

judgment to the Commissioner only in case the judgment creditor asks him to do so.

■ The first question is whether a court of bankruptcy has jurisdiction to issue such an injunction at all; the second, whether, if so, a "statutory court" must convene. The only possible jurisdiction of the court is by virtue of § 11 of the Bankruptcy Act, 11 U.S.C.A. § 29, which gives it discretionary power to stay suits against the bankrupt between his adjudication and his discharge. Section 94-b in effect adds a new sanction for the collection of the judgment, because payment will remove one of the obstacles to the restoration of the bankrupt's privileges. For this reason it seems to us that the court certainly has power to enjoin the creditor under § 11, and we also think that the same is true after the Commissioner receives a copy of the judgment from the clerk, for he is in a position similar to that of a sheriff to whom execution has issued; and a sheriff may be enjoined under § 11. In re Byrne, 2 Cir., 296 F. 98.

■ Coming next to the necessity of a "statutory court", it is plain that one must be convened to hear the case against the Commissioner. The same is not true, however, of the creditor, unless the disposition of the motion against the Commissioner involves the disposition of the case against her. A statutory court is indeed not confined to a decision of the constitutional question alone; having once embarked upon the cause, it will decide it in all its aspects. Sterling v. Constantin, 287 U.S. 378, 393, 394, 53 S.Ct. 190, 77 L.Ed. 375. But the question whether it will grant or refuse an injunction against a party to the cause, who is not a public officer, has not come up, so far as we have found. It would seem to depend upon the degree to which the causes of action against both intermesh. In the case at bar the clerk of the court where Murnaghan got her judgment was in duty bound on April 26, 1939, to transmit a copy of the judgment to the Commissioner; Murnaghan had no initial control over him or over the Commissioner through him, though she might later request a restoration of the bankrupt's privileges. Until May 31st, 1939, when the amendment became effective, we cannot see therefore how it was proper to join her at all. But the motion was not made until October, and we do not know whether the clerk did his duty before the date of the amendment; we apprehend that he could not have done so, else the bankrupt would not have alleged that Murnaghan was threatening to invoke the statute. We construe the amendment as applying to the situation; that is, as making the clerk's duty dependent upon the creditor's request after May 31st, 1939, though it had been absolute before and he had not performed it. It follows that unless Murnaghan requests the clerk to forward a copy of the judgment, the Commissioner cannot act, his power being conditional upon its receipt. Thus, as the case stands, no case is presented against him at present; the bankrupt did not allege that the Commissioner had threatened to suspend his privileges, and the Commissioner's announcement on the argument, that he would enforce the statute, must be understood as implying that he would do so, only in case he received a copy of the judgment from the clerk. The case against him is moot until he receives the copy, and he cannot receive it until Murnaghan requests the clerk to forward it. Since she has been enjoined from doing so, the decision of the motion against her is a condition precedent to the existence of any controversy between him and the bankrupt. The proper disposition of the matter is, therefore, for the statutory court not to pass upon the motion against the Commissioner, but for Judge Cooper first to dispose of the motion against Murnaghan. If he enjoins her, there will be no occasion for the statutory court to act at all, and it will be dissolved; if he refuses to enjoin her, the statutory court will then decide the motion against the Commissioner.