Joseph A. ORR, Jr., etc., et al., Plaintiffs,

v.

A. D. THORP et al., Defendants.

No. 69–1075–Civ–CF.

United States District Court,
S. D. Florida.

Dec. 10, 1969.

Moyle, Gentry & Jones, West Palm Beach, Fla., for plaintiff, Palm Beach County CTA.

Richard H. Frank, Tampa, Fla., for plaintiff, FEA.

Robert Chanin, and David Rubin, Washington, D. C., for plaintiff, NEA.

Jackson & Jackson, Palm Beach, Fla., for defendants.

## MEMORANDUM OPINION

FULTON, Chief Judge.

This is a civil rights action seeking declaratory and injunctive relief. The Plaintiffs are a Dean of Boys and a teacher, both employed in the Palm Beach County School System, and three separate associations for members of the teaching profession. The defendants are the Palm Beach County School Board, and the County Superintendent of Public Instruction. Plaintiffs seek a declaration of unconstitutionality of and injunction of the enforcement of an Act of the Florida Legislature, Fla.Laws 1969, ch. 69–1424, which in substance authorizes dismissal of any administrative or supervisory personnel of Palm Beach County who join professional organizations whose function is the collective representation of the teaching profession with regard to terms, tenure, or conditions of employment.

This complaint was filed September 11, 1969. On that same date, plaintiffs moved for a preliminary injunction. Thereafter, this Court ordered that the trial of this action on the merits be advanced and consolidated with the motion for preliminary injunction, in accordance with Fed.R.Civ.P. 65(a) (2). Prior to trial of this cause, in compliance with this Court's Order, the parties submitted a detailed stipulation, in the nature of a pretrial stipulation. In the stipulation and at trial, counsel for the parties agreed that there are no contested issues of fact, and the case was therefore submitted to the Court upon a stipulated set of facts, for resolution of the legal issues involved.

This Court has jurisdiction over this cause under 28 U.S.C. § 1331. Relief is sought by the complaint pursuant to 28 U.S.C. § 2201, 42 U.S.C. § 1983, U.S. Const. art. I, § 10, and U.S.Const. amends. I and XIV.

### FINDINGS OF FACT

In accordance with the agreement filed by counsel this Court adopts the following stipulated findings of fact.

The Plaintiff, Joseph A. Orr, Jr., is an employee of the Public School System of Palm Beach County and serves as Dean of Boys at Palm Beach High School, is a member of the Plaintiff, Palm Beach County Classroom Teachers' Association, Inc. (CTA), the Plaintiff, Florida Edu-

cation Association (FEA) and the Plaintiff, National Education Association (NEA), and by reason of membership in each organization enjoys immediate and collateral benefits.

The Plaintiff, Reuben H. Cooley, is a teacher in the Public School System of Palm Beach County, Florida, is employed as a science teacher at Palm Beach Gardens High School and is a member of the Plaintiff associations, CTA, FEA and NEA.

The Plaintiff, CTA, is a non-profit Florida corporation and a voluntary professional association having both instructional and administrative or supervisory personnel within its membership, and maintains its principal office in West Palm Beach, Florida. The Plaintiff, FEA, is a non-profit Florida corporation and a voluntary professional association composed of classroom teachers and other personnel employed by the county boards of public instruction within the State of Florida. Its principal place of business is in Tallahassee, Florida. The Plaintiff, NEA, is a non-profit corporation and a voluntary professional association composed of persons actively engaged in the teaching profession throughout the United States with its principal offices in Washington, D. C. The CTA, FEA and NEA exist and function for the purposes of promoting public education and the professional advancement of teaching personnel employed within the Palm Beach County, Florida public school systems, with respect to their terms, tenure and conditions of employment.

The defendants, A. D. Thorp, Robert R. Johnson, Sadie A. Grable, Thelma Wymer and Ann B. McKay, are the duly elected members of the Palm Beach County Board of Public Instruction and the defendant, Lloyd F. Early, is the duly elected Superintendent of Public Instruction for Palm Beach County, Florida.

Based upon the representation of the plaintiffs, defendants stipulate that the plaintiffs, CTA, FEA and NEA, have refrained from pursuing their normal practice of soliciting membership from among administrative or supervisory personnel employed by the Palm Beach County Public School System.

## CONCLUSIONS OF LAW

Counsel for the parties have stipulated that this is a proper class action, prosecuted pursuant to the provisions of Fed. R.Civ.P. 23. In compliance with Rule 23 (c) (1) and (3) this Court has concluded that this action is to be maintained as a class action, the members of which class are as follows:

All organizations whose activities include the collective representation of members of the teaching profession of Palm Beach County, Florida, with regard to terms, tenure or conditions of employment, and all individuals who may be prohibited from participation or membership in any such organization by the provisions of Fla.Laws 1969, ch. 69–1424.

The Legislative Act, Fla.Laws 1969, ch. 69–1424, which constitutes the subject matter of this dispute is as follows:

Section 1. All persons employed in The *Palm Beach County Public School System* whose primary employment is in the capacity of administrator or supervisor are hereby prohibited from participation or membership in any organization or affiliate of any organization the activities of which includes the collective representation of members of the teaching profession with regard to terms, tenure or conditions of employment. Nothing herein shall prohibit administrative and supervisory personnel of the school system from participation or membership in any organization specifically structured or designed for administrative and supervisory personnel with membership limited to administrative and supervisory personnel.

Section 2. For the purposes of this act an administrator or supervisor shall include:

(a) All principals and assistant principals;

(b) All persons employed in non-teaching capacity except librarians, coaches, clerks, maintenance personnel, custodial personnel, and food services personnel.

Section 3. If the *Palm Beach County* Superintendent of public instruction shall find that a person employed in an administrative or supervisory capacity has violated the terms of this act, the superintendent may remove said person from his or her administrative or supervisory position. The person so removed shall have a period of ninety (90) days in which to request a hearing by the board of public instruction concerning the circumstances surrounding his or her removal. Upon receipt of such a request, the board of public instruction shall set a date for a public hearing and hear testimony on behalf of the person removed and on behalf of the superintendent of public instruction. If the board of public instruction determines that the person removed in fact violated the terms and provisions of this act, then the action of the superintendent of instruction shall be affirmed. If the board of public instruction determines that the person removed did not in fact violate the terms and provisions of this act, then the superintendent of instruction shall reinstate the person removed within thirty (30) days from the date of such determination by the board of public instruction.

Section 4. If any section, or part of section of this act is declared to be invalid or unconstitutional, the same shall not be held to invalidate or impair the validity or force or effect of any other section or part of section thereof, unless it appears that the other section or part of section is dependent upon a section or part of section so held to be invalid and unconstitutional.

Section 5. This act shall take effect immediately upon becoming a law. (Emphasis added.)

■ The plaintiffs seek to enjoin the enforcement of a statute enacted by the Legislature of the State of Florida. Ordinarily, under 28 U.S.C. § 2281, such an action requires deliberation by a district court of three judges sitting pursuant to 28 U.S.C. § 2284. However, the statute challenged in this case, Chapter 69–1424, is purely local in nature, applying only to the teaching profession of Palm Beach County. Therefore, since the statute is not of general State-wide application, this Court presided over by a single Judge is empowered to hear and determine the matter. Moody v. Flowers, 387 U.S. 97, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967).

■ This is a classic example of a Fourteenth Amendment denial of equal protection claim. Chapter 69–1424 applies only to members of the teaching profession employed in Palm Beach County. It has no effect whatever upon the many employees of other Florida school systems. The defendants have made no effort to demonstrate that Palm Beach County is in any way unique so as to justify placing its educational employees in a class apart from those of other Florida counties. Nor has any compelling State concern been shown to underly this statute. Williams v. Rhodes, 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968).

■ Similarly, Chapter 69–1424 impinges upon the basic freedoms of expression and association protected by the First and Fourteenth Amendments. The Supreme Court has held that public employment, including academic employment, may not be conditioned upon the surrender of constitutional rights which could not be abridged by direct government action. Keyishian v. Board of Regents, 385 U.S 589, 605, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967). The Constitutional principles involved in this problem have been well stated as follows:

It is settled that teachers have the right of free association, and unjustified interference with teachers' associational freedom violates the Due Process clause of the Fourteenth Amendment. Public employment may not be

subjected to unreasonable conditions, and the assertion of First Amendment rights by teachers will usually not warrant their dismissal. Unless there is some illegal intent, an individual's right to form and join a union is protected by the First Amendment. McLaughlin v. Tilendis, 398 F.2d 287, 288–289 (7 Cir. 1968). (Citation omitted.)

As with the equal protection claim, defendants have made no effort to defend this aspect of the lawsuit. In fact, defendants in no way attempted to defend this case on the merits. No legal theory has been presented to the Court in support of Chapter 69–1424. It would appear that none exists.

Plaintiffs have also attacked this statute as a bill of attainder, prohibited by U.S.Const. art. I, § 10. In view of this Court's disposition of plaintiffs' other claims it is unnecessary to reach this aspect of the case.

This memorandum opinion shall serve as findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52. Counsel for plaintiffs shall forthwith prepare and submit to the Court a Final Judgment in conformity herewith.