347 F.Supp. 1004 (1971)
Antonio ZARATE, individually and on behalf of all other persons similarly situated and Bernard B. Goldberg as Administrator of the estate of Hedvije Nikolits, Plaintiffs,
and
Herman Sheydwasser and Pola Sheydwasser, applicants for Intervention as Plaintiffs individually and on behalf of all others similarly situated
v.
The STATE DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES' and James Bax, individually and as Secretary of the State Department of Health and Rehabilitative Services, Defendants.
No. 70-380-Civ-CF.
United States District Court, S. D. Florida.
December 15, 1971.
*1005 Alfred Feinberg, Legal Services of Greater Miami, Inc., Miami, Fla., for plaintiffs.
James G. Mahorner, General Counsel, Tallahassee, Fla., S. Strom Maxwell, Asst. Atty. Gen. for the State of Florida, for Department of Health & Rehabilitative Services.
Before RONEY, Circuit Judge, and FULTON and ATKINS, District Judges.

ORDER
PER CURIAM.
This cause came before the Court upon motions for summary judgment made by both the plaintiff and the defendant and upon Herman and Pola Sheydwasser's motion to intervene as party plaintiffs and as representatives of a class not yet constituted.
This action was brought pursuant to 42 U.S.C. §§ 1981, 1983 and 2000d. The plaintiff seeks to enjoin the enforcement of Florida Statutes § 409.205(2), F.S.A., Florida's Old Age Assistance Act, and § 409.225(3), F.S.A., Aid to the Totally and Permanently Disabled, under which persons who may otherwise qualify for assistance pursuant to these Acts are denied the aid because of their status as non-citizen resident aliens, or because, as non-citizens, they have not resided in the United States for at least twenty years.
In accord with this Court's order of September 28, 1970, counsel for the plaintiff filed an amended complaint on behalf of Antonio Zarate and the administrator of the estate of Hedvije Nikolits, Bernard B. Goldberg. Nikolits, who was the original plaintiff in this action, died during the prosecution of this case and the administrator of her estate has *1006 been substituted to continue this action. Rule 25, Fed.R.Civ.P. Mrs. Nikolits was a non-citizen, lawfully admitted into this country and residing in Dade County, Florida, until her death. Because of her non-citizen status and because she had not lived in this country for twenty years, she was denied old age assistance under Florida Statute § 409.205(2), F. S.A. Antonio Zarate is also a resident alien, lawfully admitted into the United States in 1956, and currently residing in Dade County, Florida. Zarate has been denied aid to the totally and permanently disabled because he is a non-citizen and has not lived in this nation for twenty years. Copies of the defendant's rejection of both Nikolits' and Zarate's applications for assistance have been filed with the Court.

MOTION TO INTERVENE
Herman Sheydwasser and Pola Sheydwasser have moved the Court for permission to intervene in his cause as plaintiffs on their own behalf and on behalf of persons similarly situated. The Sheydwassers are adult, non-citizen, resident aliens, who have lived in this country for less than twenty years. Their applications for Old Age Assistance were denied on December 17, 1970, because they did not fulfill the citizenship or residency requirements of Florida Statute § 409.205(2), F.S.A. Copies of the rejections of their aid applications have been attached to their complaint as exhibits.
In accord with Rule 24, Fed.R. Civ.P., the Court finds that the intervention of Herman and Pola Sheydwasser will not unduly delay or prejudice the adjudication of the rights of the original parties to this cause and that the intervenors' claims have questions of law in common with those presented by the original plaintiff to this cause.

AMENDMENT ADDING PLAINTIFF ANTONIO ZARATE
As stated in this Court's order of September 28, 1970, the specific provisions of Rule 21, Fed.R.Civ.P., govern the general provisions of Rule 15, Fed. R.Civ.P. Under Rule 15, a party may amend his pleading once as a matter of course. However, under Rule 21, Fed. R.Civ.P.
Parties may be dropped or added by order of the court on motion of any party or on its own initiative at any stage of the action . . .. (Emphasis added.)
An amendment changing, adding, or dropping parties requires leave of Court. Barron & Holtzoff (Wright ed.), 2 Federal Practice and Procedure § 543; Kaminsky v. Abrams, 41 F.R.D. 168 (S.D. N.Y.1966).
Plaintiff's counsel has never moved the Court under Rule 21 to add Antonio Zarate as a plaintiff. Furthermore, Zarate's claims arise under Florida Statute § 409.225(3), F.S.A.not under the Old Age Assistance Act, § 409.205(2). On the other hand, the question of whether welfare assistance may be denied to a non-citizen because of his lack of citizenship or long term residency is common to the claims of plaintiffs Nikolits, Zarate, and Pola and Herman Sheydwasser. Thus, the Court, on its own initiative, will permit the addition of Antonio Zarate as a plaintiff. Rule 21, Fed.R.Civ.P.

CLASS ACTION
This action was originally brought by Hedvije Nikolits, now deceased. Bernard B. Goldberg has been substituted for Mrs. Nikolits as administrator of her estate. By this Court's order of September 28, 1970, the Court declined to permit Nikolits to represent the class which she alleged to represent because her claims, as a deceased claimant, were atypical of others in the class.
Since then, Antonio Zarate, Pola Sheydwasser, and Herman Sheydwasser have been added as party plaintiffs. All three have apparently been denied certain welfare benefits because of their non-citizen status. Although the denials arose under two different statutes, Florida *1007 Statutes §§ 409.205(2) and 409.225(3), F.S.A., both statutes contain the very same prerequisite to receipt of aid thereunderan applicant must be a citizen of the United States or must have resided in the United States for at least twenty years, and all three of these plaintiffs are similarly aggrieved because of this requirement. Thus, in accord with Rule 23(a), Fed.R.Civ.P., the Court finds that this action may proceed as a class action. Plaintiffs Zarate, Pola Sheydwasser and Herman Sheydwasser have met the prerequisites of Rule 23(a) Fed.R.Civ.; they "fairly and adequately" represent and protect the interests of the class. The Court finds under Rule 23(b) that the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications. Rule 23(b) (1) (A), Fed.R.Civ.P.
Hedvije Nikolits, however, does not meet the requirements of Rule 23. Her claim can only be for retroactive benefits. Thus, Nikolits cannot be considered a representative of nor a member of the class herein constituted. The action on Nikolits' behalf may be pursued as an individual action, however.

CONSTITUTION OF THE CLASS
The Court finds under Rule 23(c) (3), Fed.R.Civ.P., that the class herein represented are all past and future applicants for Old Age Assistance under Florida Statute § 409.205(2), F. S.A., or Aid to the Permanently and Totally Disabled under Florida Statute § 409.225(3), F.S.A., who have been denied aid or assistance thereunder solely because they are not United States citizens or because, as non-citizens, they have not resided in the United States for at least twenty years, and who are otherwise qualified to receive such aid.

MOTION FOR SUMMARY JUDGMENT
Both counsel for the plaintiff and the defendant have moved the Court to enter summary judgments in their favor. The Court finds from the pleadings that there are no material facts at issue. This matter is, therefore, properly resolved upon motion for summary judgment. Rule 56, Fed.R.Civ.P.
The issue in this case is whether the Equal Protection Clause of the Fourteenth Amendment prevents the State of Florida from conditioning welfare benefits either upon the beneficiary's possession of United States citizenship or upon the alien beneficiary's residence in this country for a certain number of years.
Florida's Aid to the Permanently and Totally Disabled and Old Age Assistance are welfare assistance programs similar to the Arizona programs discussed in Graham v. Richardson, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (June 14, 1971), and its companion case, Sailer v. Leger.
Factually and legally, Graham v. Richardson, supra, is on point with this case and is controlling of the outcome of this action. In Graham, the State of Arizona denied aid to the permanently and totally disabled to Carmen Richardson solely because she failed to meet Arizona's fifteen year residence requirement of non-citizens. Richardson had emigrated from Mexico in 1956 and was a lawfully admitted resident alien. She was, in all ways other than her citizenship, eligible for the assistance sought. In the companion case, Sailer v. Leger, a Pennsylvania case, Leger was denied general welfare assistance because she was a non-citizen. Non-citizens could not qualify regardless of the duration of their residence. The Pennsylvania welfare program, unlike the Arizona program, was entirely state funded.
Both cases were decided in favor of the non-citizen welfare applicants by Three-Judge panels. The Supreme Court affirmed both unanimously.
Declining to rely upon its landmark welfare-right to interstate travel case, Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969), the Court found that under the Fourteenth Amendment, aliens as well as citizens *1008 are encompassed in the word "persons." Truax v. Raich, 239 U.S. 33, 39, 36 S.Ct. 7, 60 L.Ed. 131 (1915). As such, aliens are equally protected by the provisions of the Fourteenth Amendment.
In answer to the States' argument that the distinction between aliens and citizens was a reasonable classification because of the States' need to preserve its limited welfare monies, the Court said:
[T]he "justification of limiting expense is particularly inappropriate and unreasonable when the discriminated class consists of aliens."
Aliens, like citizens pay taxes and may be called into the Armed Forces. [Aliens] may live within a state for many years, work in the state and contribute to the economic growth of the state . . ..
Regardless of the justification and regardless of whether the welfare plan is wholly state funded or one which is partially federally financed, the Court found that "a state statute that denies welfare benefits to resident aliens and one that denies them to aliens who have not resided in the United States for a specified number of years violates the Equal Protection Clause."
In view of this decision, the plaintiffs Zarate, Pola Sheydwasser, Herman Sheydwasser, and the class they represent are entitled to a summary judgment in their favor.

RETROACTIVE BENEFITS
The claim of Hedvije Nikolits' estate is one solely for retroactive Old Age Assistance Act payments; the other plaintiffs seek both retroactive and future benefits.
This Court declines to order the payment of retroactive benefits to Nikolits' estate, because the benefits would not accrue to the person for whom they were intendedthe aged applicant. The Court further declines to order the payment of retroactive benefits to plaintiffs Zarate, Pola Sheydwasser and Herman Sheydwasser. The award of back benefits would constitute a "gratuitious windfall" to the plaintiffs to the detriment of the State of Florida, which, until the United States Supreme Court rendered its decisions in Graham v. Richardson and Sailer v. Leger, could not have known that Florida Statutes §§ 409.205(2), 409.225(3), F.S.A., were violative of the Fourteenth Amendment's Equal Protection Clause. Furthermore, the nature of this case and the impact it will have upon the State's welfare system make it especially proper for this Court to depart from the venerable, but sometimes unwise rule, that decisions of this sort have retroactive as well as prospective effect. Thereupon, it is
Ordered and adjudged as follows:
1. Pola and Herman Sheydwassers' motion to intervene is hereby granted.
2. In accord with Rule 21, Fed.R.Civ. P., the Court on its own initiative grants permission to Antonio Zarate to be added to this action as a party plaintiff.
3. This action shall proceed as a class action in accord with Rule 23(b)(1)(A), Fed.R.Civ.P. The class is hereby constituted as described above, and, in accord herewith, counsel for the defendant shall hereby notify each of the members of this class of this order by sending a copy or a summary to each past applicant for Old Age Assistance under Florida Statute § 409.205, F.S.A., or Aid to the Permanently and Totally Disabled under Florida Statute § 409.225, F.S.A., who was denied such assistance solely because he or she was not a U. S. citizen or had not resided in the United States for 20 years.
4. Defendant's motion for summary judgments as to plaintiffs Zarate, Pola and Herman Sheydwasser is hereby denied, but is granted as to Bernard Goldberg as administrator of the estate of Hedvije Nikolits.
5. Plaintiffs Zarate's, Pola and Herman Sheydwasser's motion for summary judgment is hereby granted, but the plaintiff Goldberg's motion for summary judgment made on behalf of Hedvije Nikolits' estate is hereby denied.
*1009 6. This decision shall have prospective effect only.

On Motion to Modify
This cause came before the Court upon plaintiffs' and defendants' motions to amend or modify this Court's order of September 29, 1971. Shortly after these motions were filed, counsel for the plaintiffs informed the Court that both sides were attempting to negotiate a settlement of the issues raised by the motions to amend. Thus, on October 22, 1971, this Court entered an order deferring ruling upon the motions for 30 days. Counsel have now submitted a stipulation which appears to dispose of all issues raised by defendants' motion to amend; however, plaintiffs' motion remains to be decided.
Counsel for the plaintiffs has moved the Court to amend its order of September 29, 1971, to permit the payment of retroactive benefits to the class in general back to the date on which the controlling Supreme Court case, Graham v. Richardson, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971), was decided, which was June 14, 1971. Plaintiffs' counsel has also moved the Court to amend its order to permit the award of retroactive benefits to the named plaintiffs and intervenors who represent the class back to the dates these individuals would have been eligible had their applications been accepted, even though that may have been before June 14, 1971. Finally, plaintiffs' counsel has moved the Court in the alternative to dissolve the Three-Judge panel as to the question of retroactivity and requests that the retroactivity question be decided by a single District Judge so that the decision, if unfavorable to the plaintiffs, may be appealed to the Circuit Court rather than the Supreme Court.
The stipulation of counsel which disposes of the notice question raised by the defendants indicates that benefits will be paid from the date this Court entered its Order, September 29, 1971, which is in accord with this Court's order that the decision would have prospective effect only. Thus, the stipulation does not dispose of the retroactivity question raised by plaintiffs.
THREE JUDGE JURISDICTION OVER QUESTION OF RETROACTIVITY In support of their motion to dissolve the Three-Judge Court as to the issue of retroactivity, the plaintiffs have cited Board of Public Instruction of Dade County v. Banks, 401 U.S. 988, 91 S.Ct. 1223, 28 L.Ed.2d 526 (1971), vacating and remanding 314 F.Supp. 285 (S.D.Fla.1970). The Banks case however, is not authority for the plaintiffs' motion. The Three-Judge panel in Banks held a Dade County School Board Regulation unconstitutional and enjoined its enforcement. Upon appeal, the Supreme Court vacated and remanded the order "so that a fresh decree may be entered from which a timely appeal may be taken to the United States Court of Appeals for the Fifth Circuit if the [defendant] so chooses." This was so because the injunction in Banks was not against the enforcement of a State statute, but rather against the enforcement of a county school regulation, not applicable state-wide. The question of the constitutionality of a local school regulation is not cognizable by a Three-Judge Court and should properly be decided by a single District Judge. Perry v. Grenada Municipal Separate School District, 300 F.Supp. 748 (D.C.Miss.1969); Sheldon v. Fannin, 214 F.Supp. 940 (D. Ariz. 1962). See also, Orr v. Thorp, 308 F.Supp. 1369 (S.D.Fla.1969); City of Gainesville v. Southern Ry. Co., 423 F.2d 588 (5th Cir. 1970).
Furthermore, as a rule where a Three-Judge Court has jurisdiction to grant or refuse an injunction, it has jurisdiction to impose conditions upon the granting of an injunction. O'Malley v. United States, 128 F.2d 676 (8th Cir. 1942). A statutory Three-Judge Court convened to hear a proceeding to enjoin the execution of a state statute because of its unconstitutionality is not confined to a decision of the constitutional question alone. Having once assumed *1010 jurisdiction of the cause it should decide it in all its aspects. Healey v. Murnaghan, 34 F.Supp. 203 (S.D.N.Y. 1940); United Air Lines v. Public Utilities Comm'n of Calif., 109 F.Supp. 13 (D.C.Cal.1952). The Three-Judge Federal Court, once the matter upon which it sits is determined to be cognizable by a Three-Judge panel, has all the powers a single District Judge has. Carlsbad Union School District v. Rafferty, 300 F.Supp. 434 (D.C.Cal.1969); Ziffrin, Inc. v. Martin, 24 F.Supp. 924 (D.C.Ky. 1938).
RETROACTIVITYUpon reconsideration, the Court agrees with the plaintiffs' contention that its Order should be retroactive to the date upon which the Supreme Court decided the controlling case respecting this issue, Graham v. Richardson, supra, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534, June 14, 1971. On that date, the Graham case became the law of the land, and the plaintiffs and the class they represent became entitled to welfare benefits previously denied them.
However, the Court sees no reason to treat the individually named plaintiffs and intervenors, who are representatives of the class, in a manner differently from the class as a whole, and grant them back benefits to the dates of their applications, where those applications were made before June 14, 1971. Thereupon it is
Ordered and adjudged as follows:
1. Plaintiffs' motion to amend or modify is granted to the extent that this Court's decision of September 29, 1971, is amended to have retroactive effect to June 14, 1971;
2. Plaintiffs' motion to amend or modify is denied to the extent that back benefits for the named representatives of the class would be any greater or would be retroactive to some date before June 17, 1971; and
3. Plaintiffs' alternative motion to dissolve the Three-Judge panel is hereby denied.