Harold BUNCE, Arstell Young, Charles D. Walker, Fred Parks, Louis E. Hughes, Tecumseh Stewart and Edward Rios, Plaintiffs,

v.

G. Mennen WILLIAMS, Governor of the State of Michigan, and Thomas M. Kavanaugh, Attorney General of Michigan, Defendants.

Civ. No. 17497.

United States District Court
E. D. Michigan, S. D.

Feb. 20, 1958.

326

Louis E. Hughes, in pro. per.

Thos. M. Kavanagh, Atty. Gen., Perry A. Maynard, Asst. Atty. Gen., Lansing, Mich., for defendants.

O'SULLIVAN, District Judge.

### Character of Litigation

The pleadings disclose the following situation: Plaintiffs are presently incarcerated in the State Prison of Southern Michigan, under sentences imposed by Circuit Judges of the State of Michigan, for violations of Michigan Statutes relating to illegal traffic in narcotic drugs. The Statute under which each of them was sentenced is Act 266 of the Public Acts of Michigan, 1952 (M.S.A., § 18.1121–§ 18.1127, C.L.1948, § 335.151–§ 335.157). Plaintiffs aver that their sentences were variously imposed under § 2 and § 3 of that Statute. None of the plaintiffs aver that they are innocent of the offenses set forth in the Statute, nor that the sentences imposed on them, respectively, were not within the permissible sentences provided by the Statute.

Plaintiffs aver that they are Negroes, and that various white persons sentenced for violations of the narcotic laws of Michigan were given less severe sentences than the plaintiffs herein; and that these white persons, although guilty of the same offenses as the plaintiffs, were sentencd under a different Statute than that which was the basis for the sentences imposed upon these plaintiffs. They ask this Court's injunction to restrain the Governor of Michigan and his Attorney General "from presently and henceforth enforcing Public Act 266 of 1952" because, it is asserted, various Circuit Court Judges of Michigan have discriminated in favor of white persons found guilty of violation of the Narcotic Laws.

### Conclusions of Law

Nowhere is it claimed that the sentences imposed upon these plaintiffs were unlawful, the burden of the complaint being that various Circuit Judges have been engaging in discriminatory practices in favor of certain white persons found guilty of the same offenses as those committed by these plaintiffs. It is not charged that the Governor of Michigan or his Attorney General has in the past engaged in any such alleged discriminatory practices. It is not charged that the Governor of Michigan or his Attorney General is about to, or has threatened to, make discriminatory use of the Statute under which these

plaintiffs were sentenced. It is obvious that neither the Governor of Michigan nor the Attorney General has in any way participated in the alleged discriminatory conduct.

This Court, therefore, is of the opinion that it would be useless and improvident for a United States District Court to attempt to enjoin the Governor of Michigan or his Attorney General from doing something which neither of them has done, and which neither of them threatens or plans to do. The imposition of sentences under the criminal statutes of Michigan is not a function of the Governor of Michigan or of the Attorney General. The persons who imposed these sentences upon these plaintiffs, to wit: various Circuit Judges, and the person who now has custody of these plaintiffs, to wit: the Warden of the State Prison of Southern Michigan, are not before this Court.

This recital, however, should not be construed as indicating that were these last named persons parties to these proceedings, their conduct would be subject to this Court's injunction or that this Court would have any power, under the guise of an injunction, to change the sentences imposed upon these plaintiffs or to order their release from prison.

It is observed, also, that these plaintiffs do not claim to have sought relief in the State Courts of Michigan from the injustice they now aver.

### Right of this Judge to Dismiss the Action

The plaintiffs rely on Section 2281 et seq., Title 28 United States Code Annotated, for the procedural propriety of their application. If the application presents a case requiring the composing of a court of three judges, it would be the duty of the signer of this Order, as a District Judge, to notify the Chief Judge of the Circuit, who would then designate two other judges to make up a three judge court. If such a court was thus composed, a single judge thereof would be without authority to dismiss the action, (§ 2284(5)).

It appears to be the rule, however, that the District Judge to whom the application is first made should dismiss the action without convening a three judge court where the application, on its face, fails to disclose a substantial Federal question.

In the case of California Water Service Co. v. City of Redding, 304 U.S. 252, 58 S.Ct. 865, 866, 82 L.Ed. 1323, the United States Supreme Court, in dealing with a situation not factually in point with the instant case, but involving the same principles, had this to say relating to the duty of a District Judge:

> "It is therefore the duty of a district judge, to whom an application for injunction restraining enforcement of a state statute or order is made, to scrutinize the bill of complaint to ascertain whether a substantial federal question is presented, as otherwise the provision for convening of a court of three judges is not applicable."

A case alike in principle with the one before this Court was brought before the Court of Appeals for the Seventh Circuit in the case of Haines v. Castle, 226 F. 2d 591, 594. In that case, plaintiff, imprisoned in the Illinois State Penitentiary, sought to enjoin enforcement of certain Statutes of the State of Illinois, and proceeded under Title 28 United States Code Annotated, Sections 2281 and 2284. As in the instant case, defendants moved to dismiss the suit on the ground that it tendered no substantial Federal question. The District Court dismissed the case without convening a three judge court. The plaintiff there did not first resort to the courts of the State of Illinois to test the validity of the Statute in question. Such is the situation in this case. In affirming the action of the District Judge, the Court of Appeals said:

> "No substantial federal question was presented and the District Court correctly dismissed the suit. Under such circumstances a single judge may dismiss. California Water Service Co. v. City of Red-

ding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323."

This Court's scrutiny of the present application leads him to the conclusions that it presents no substantial Federal question.

### Order

Now, therefore, the motion of the defendants to dismiss plaintiffs' application may be, and it is, hereby granted; and said cause is, accordingly, dismissed.