**NATIVE AMERICAN CHURCH OF NAV-AJOLAND, INC., et al., Plaintiffs,**

v.

**ARIZONA CORPORATION COMMIS-SION et al., Defendants.**

**No. Civ–70–401 Phx WEC.**

United States District Court,
D. Arizona.

April 30, 1971.

Jerry Levine, Maricopa County Legal Aid Society, Phoenix, Ariz., for plaintiffs.

Gary K. Nelson, Atty. Gen., State of Arizona, by Frank Sagarino, Chief Asst. Atty. Gen., for the State of Arizona, Phoenix, Ariz., for defendants.

## OPINION AND ORDER

Before TRASK, Circuit Judge and CRAIG and MUECKE, District Judges.

CRAIG, District Judge.

Plaintiffs in the above entitled cause instituted this class action seeking declaratory and injunctive relief, pursuant to 42 U.S.C. §§ 1981 and 1983, 28 U.S.C. §§ 1343, 2201 and 2202, and 28 U.S.C. § 2281.

Plaintiffs and their class are members of the Native American Church of Navajoland. They sought a certificate of incorporation from the defendant, Arizona Corporation Commission, which was denied. The certificate was refused because the proposed Articles of Incorporation indicated one of the purposes of the church-corporation would be to use and to further the use of peyote, a "dangerous drug" within the meaning of A. R.S. § 32–1901(9) (a) (vii) (as amended 1970), the dispensation and possession of which is regulated by A.R.S. § 32–1968(A) and § 32–1970(B) and (C) (as amended 1970). The violation of these statutes constitutes a misdemeanor, A.R.S. § 36–1061. The Corporation Commission denied the certificate by virtue of A.R.S. § 10–121, which limits incorporation to those who associate for a "lawful" purpose.

Plaintiffs assert that the Arizona statutes and criminal statutes relating to the use and possession of peyote are unconstitutional on their face for overbreadth, and unconstitutional as applied to them because they interfere with the free exercise of religious beliefs. They seek a declaratory judgment to this end.

They also claim that a denial by the Corporation Commission of their right to incorporate deprives them of the free exercise of their religion, and they seek an injunction to enjoin the Commission "from refusing to grant" a certificate of incorporation under the circumstances.

There is no allegation that the defendants, or the State of Arizona, have prosecuted plaintiffs in the past, are presently prosecuting plaintiffs, or members of their class, or threatening any prosecutions because of the use of peyote in connection with religious practices.

■ There is no allegation of any present or future irreparable harm to plaintiffs as a result of the statutes complained of, or of the denial of incorporation. Defendants have filed a motion to dismiss pursuant to F.R.Civ.P. Rule 12(b) on two grounds:

1. Lack of subject matter jurisdiction

2. Failure to state a claim upon which relief can be granted.

Several affidavits were filed in support of the motion to dismiss. For this reason, defendants' motion will be treated as one for summary judgment, pursuant to Rule 56(b) F.R.C.P. Three of the affidavits filed indicate the basis for the denial of the certificate of incorporation by the Corporation Commission. The remaining affidavit indicates the absence of any prosecutions now pending against any of the plaintiffs or any members of their class for violation of the Arizona narcotics statutes.

■■ Since plaintiffs assert a deprivation of their constitutional right to freely exercise their religion, and assert this deprivation resulted from state action under color of state statutes this Court has subject matter jurisdiction, pursuant to the Civil Rights Act under 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Injunctive relief is available under 28 U.S.C. § 2281 if plaintiffs claim has merit. The fact that the Arizona courts have not yet rendered a clear or definitive decision as to the applicability or constitutionality of the statutes in question does not deprive this Court of jurisdiction to consider the claim for injunctive relief. Doud v. Hodge, 350 U.S. 485, 76 S.Ct. 491, 100 L.Ed. 577.

■ Declaratory relief is available pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. If the facts allege an "actual controversy" within the meaning of the Act, plaintiffs' request for declaratory relief must be considered independently of their request for injunctive relief.

"We hold that a federal district court has the duty to decide the appropriateness and the merits of the declaratory request irrespective of its conclusion as to the propriety of the issuance of the injunction." Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444.

We do not find it necessary to determine whether or not the Arizona criminal statutes regulating the use and possession of peyote should be declared un-

# 910

constitutional, either on their face for overbreadth or as applied. On these claims plaintiffs have failed to show an actual controversy within the jurisdiction of this Court.

■ It is true that the Arizona Corporation Commission denied a certificate of incorporation to the Native American Church because one of the avowed purposes of the proposed articles was the pledge "to work for unity in the use of peyote." This purpose was considered to be in violation of A.R.S. § 10–121, which allows incorporation "for the transaction of any lawful business." It is clear from the record before this Court that the refusal of the Arizona Corporation Commission to grant plaintiffs corporate status by itself does not infringe in any significant way on the free exercise of their religious practices. There is no allegation in the complaint, nor was it urged in the written memoranda or on oral argument, that the corporate form of organization is essential to the free exercise of plaintiffs' religion. There is no allegation that plaintiffs seek or need any of the traditional advantages of incorporation, such as limited financial liability, favorable tax treatment, or a more advantageous fund-raising position. The action of the Commission does not impose any additional burden on the use or possession of peyote in plaintiffs' worship. They may continue to use the substance at their own risk, as they have in the past, until some appropriate state authority interferes. In fact, even if they had been granted a certificate of incorporation, the risk of criminal prosecution attending the free exercise of their religious practices would not have been lessened.

Obviously, the attack on the action taken by the Commission is being used as a vehicle to challenge the underlying criminal statutes controlling the use and possession of peyote. If there existed a substantial free exercise claim arising solely from the effects of the Commission's denial of corporate status, it is arguable that this Court might be required to examine the constitutionality of the reasons underlying that denial. This is not such a case, and consequently, is no different than a naked challenge to Arizona's drug laws based primarily on the theory that their mere existence on the books has a "chilling effect" on the free exercise of plaintiffs' religion.

■ Such a challenge does not constitute an "actual controversy" within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201. There are no prosecutions for violations of the laws regulating peyote now pending against plaintiffs or anyone in their class. There has been no showing that defendants are threatening future prosecutions because of plaintiffs' use of peyote in bona fide religious ceremonies. Moreover, even in the situation where there are pending state prosecutions that may influence the exercise of constitutional rights by others, the Supreme Court recently has stated that:

> "[T]he chilling effect that admittedly can result from the very existence of certain laws on the statute books does not in itself justify prohibiting the State from carrying out the important and necessary task of enforcing these laws against socially harmful conduct that the State believes in good faith to be punishable under its laws and the Constitution." Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 754, 27 L. Ed.2d 669 (1971).

The superficial challenge to the action taken by the Corporation Commission does not serve to make the "controversy" herein any more real. At this point in time, plaintiffs' challenge of the Arizona laws controlling peyote has simply not ripened into a "live dispute between the parties" justifying declaratory relief. Powell v. McCormack, 395 U.S. 486, 518, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969); Golden v. Zwickler, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969).

Since we conclude that there is no actual controversy to justify a declaratory judgment, we *a fortiori* conclude that injunctive relief is not warranted.

It is ordered the motion to dismiss is granted.