No. 71–533.  Native American Church of Navajo-
land, Inc., et al. *v.* Arizona Corporation Commission.
Affirmed on appeal from D. C. Ariz.

Mr. Justice Douglas, with whom Mr. Justice Stew-
art and Mr. Justice Rehnquist join, dissenting.

This is a direct appeal from the order of a three-judge
District Court, convened pursuant to 28 U. S. C. § 2281,[1]
denying appellants' prayer for injunctive relief.  Juris-
diction over the appeal is based upon 28 U. S. C. § 1253.[2]
If the three-judge court were improperly convened, how-
ever, the appeal lies not to this Court, but to the Court
of Appeals.  *Moody* v. *Flowers,* 387 U. S. 97. . My anal-

---

[1] Title 28 U. S. C. § 2281:
"An interlocutory or permanent injunction restraining the enforce-
ment, operation or execution of any State statute by restraining
the action of any officer of such State in the enforcement or execu-
tion of such statute or of an order made by an administrative
board or commission acting under State statutes, shall not be granted
by any district court or judge thereof upon the ground of the
unconstitutionality of such statute unless the application therefor
is heard and determined by a district court of three judges under
section 2284 of this title."

[2] Title 28 U. S. C. § 1253:
"Except as otherwise provided by law, any party may appeal
to the Supreme Court from an order granting or denying, after
notice and hearing, an interlocutory or permanent injunction in any
civil action, suit or proceeding required by any Act of Congress to
be heard and determined by a district court of three judges."

ysis leads me to conclude that a three-judge court was not required, so I would dismiss this appeal.

The controversy involves the efforts of appellant Native American Church of Navajoland, Inc., to obtain a certificate of incorporation from the Arizona Corporation Commission. According to Arizona law, "Any number of persons may associate themselves together and become incorporated for the transaction of any *lawful* business." Ariz. Rev. Stat. Ann. § 10–121 (emphasis supplied). The Commission refused to issue the certificate for the reason that it believed appellant Church's proposed Articles of Incorporation revealed that the organization had an *unlawful* purpose for incorporating, that being "to work for unity in the use of Peyote, as a Sacrament and as a means of divine healing through its Divine Power." It appears to be conceded that the Commission's decision was prompted by the fact that the use, possession, and sale of peyote is made a misdemeanor by Ariz. Rev. Stat. Ann. § 36–1061, and because peyote is subject to regulation as a "dangerous drug" under Ariz. Rev. Stat. Ann. §§ 32–1964 (A)(7), 32–1965, and 32–1975. Appellants then sought declaratory and injunctive relief from the District Court.

Two injunctions were sought. The first asked that the Corporation Commission be enjoined from refusing to grant appellants a certificate of incorporation "for failure to comply with" Ariz. Rev. Stat. Ann. §§ 10–121 and 36–1061. Insofar as this prayer asked to enjoin Commission action taken under color of Ariz. Rev. Stat. Ann. § 10–121, however, it was insufficient to require a three-judge court. Nowhere in their complaint did appellants attack the constitutionality of § 10–121, either on its face or as applied. Indeed, they concede its constitutionality before this Court, stating explicitly that it is "neutral in scope and application." (Reply Brief for Appellants 4.) But, as has been long held, an action to en-

join the allegedly unconstitutional result reached by the Commission in the exercise of its authority under § 10–121 would not sustain the jurisdiction of a three-judge court. *Phillips* v. *United States,* 312 U. S. 246; *Ex parte Bransford,* 310 U. S. 354; *Ex parte Hobbs,* 280 U. S. 168.

> "It is necessary to distinguish between a petition for injunction on the ground of the unconstitutionality of a statute as applied, which requires a three-judge court, and a petition which seeks an injunction on the ground of the unconstitutionality of the result obtained by the use of a statute which is not attacked as unconstitutional. The latter petition does not require a three-judge court. In such a case the attack is aimed at an allegedly erroneous administrative action. . . ." *Ex parte Bransford, supra,* at 361.[3]

---

[3] We have recently employed this very distinction in analyzing our jurisdiction under an analogous statute. In *United States* v. *Christian Echoes National Ministry, Inc.,* 404 U. S. 561, the Government attempted to take a direct appeal from the decision of a one-judge district court that the Internal Revenue Service had improperly revoked Christian Echoes' tax exemption as a religious organization under § 501 (c) (3) of the Code (because of alleged political activity). Our jurisdiction over the appeal depended on the constitutionality of § 501 (c) (3) "as applied," having been called into question by the District Judge's opinion. 28 U. S. C. § 1252. Despite the fact that the District Judge found the Service's interpretation of § 501 (c) (3) violated Christian Echoes' First Amendment rights, we held that his commentary did *not* constitute a finding that the statute was unconstitutional "as applied."

"[T]he District Court's commentary on the denial of the appellee's First Amendment rights was directed to the particular interpretation given to § 501 (c) (3) by the Internal Revenue Service in this case and to its means of enforcing that interpretation. . . . The court refused to interpret and apply the section to require an analysis of the 'religious' or 'non-religious' character of every activity by a concededly religious organization, because such an interpretation and application would infringe the right to free exercise

Moreover, a three-judge court was not required to hear appellants' challenge to the Commission's alleged "enforcement" of the Arizona drug law which was attacked as unconstitutional. The Commission is not authorized by state law to enforce criminal statutes. Its authority extends only to the enforcement of the negative implications of Ariz. Rev. Stat. Ann. § 10–121. Its opinion that the use of peyote in religious sacraments is an unlawful purpose for incorporation does not reflect an official position on the part of those state officers who are charged with law enforcement that members of the Native American Church can be arrested for observing the tenets of their religion. Section 2281 requires that appellants' action be one to restrain "the action of any officer of such State in the enforcement or execution of such statute" and this requirement cannot be circumvented "by join-

---

of religion. It stated that the Internal Revenue Service had already gone too far in its enforcement of this interpretation. But the statement that the *Service* violated the appellee's First Amendment rights is not the same as a holding that *Congress* did so in enacting § 501 (c)(3). The court avoided holding that the section itself was unconstitutional 'as applied'—*i. e.,* that the section, by its own terms, infringed constitutional freedoms in the circumstances of the particular case. Rather, it held that the Service had misinterpreted § 501 (c)(3) and that the section must be narrowly construed. Although the construction was based on a constitutional premise, it did not amount to a holding that an Act of Congress is unconstitutional . . . ." *Id.,* at 564–566.

Similarly, the fact that the Arizona Corporation Commission might have infringed appellants' First Amendment rights in its interpretation of the phrase "lawful business" in Ariz. Rev. Stat. Ann. § 10–121 does not mean that appellants' commentary on this action called into question the constitutionality of § 10–121 "as applied." As in *Christian Echoes,* "[a]lthough the [attack] was based on a constitutional premise, it did not amount to a [claim] that [the statute] is unconstitutional," *supra,* at 565–566. Rather, it was merely a challenge to "allegedly erroneous administrative action," *Ex parte Bransford,* 310 U. S. 354, 361.

ing, as nominal parties defendant, state officers whose action is not the effective means of the enforcement or execution of the challenged statute," *Wilentz* v. *Sovereign Camp,* 306 U. S. 573, 579–580. This prayer, therefore, was also insufficient to require a three-judge court.

Appellants' second prayer for injunctive relief seems at first glance to cure the above-mentioned defects. It prays that the Governor of Arizona "and his subordinate officials, agents, and employees" be restrained from enforcing the Arizona drug laws against appellants "in any way which infringes upon their right to the free exercise of their religion." The difficulty is that, taking the complaint "as we find it," *Moody* v. *Flowers, supra,* at 104, it nowhere appears that the challenged statutes have ever been, are now, or ever will be enforced against appellants. The complaint, and the motion to dismiss filed in response thereto, permit the inference that Arizona already purports to except the Native American Church from the operation of the challenged laws.[4] An amended complaint might not be open to this criticism. But we require that the substantiality of the federal question presented appear from the face of the pleadings that

---

[4] Thus, appellee's motion to dismiss, filed in the court below, contained an affidavit from an official of the Narcotics Enforcement Division of the Arizona Department of Public Safety, wherein he averred that he has been with the Department "since 1966 and during that time they have never arrested any members of the Native American Church of Navajoland where such members were holding an alleged religious ceremony and where there was present at such ceremony only Indians."

At least one Arizona court, moreover, has explicitly ruled that its narcotics statute could not constitutionally be applied to members of the Native American Church. *Arizona* v. *Attakai,* Cr. No. 4098, Coconino County, July 26, 1960. The State's appeal in *Attakai* was dismissed by the Arizona Supreme Court.

are filed, not those which might have been. *Oklahoma Gas Co.* v. *Packing Co.,* 292 U. S. 386; *Arneson* v. *Denny,* 25 F. 2d 988; *Bunce* v. *Williams,* 159 F. Supp. 325.

Appellants' failure to come under § 2281 might appear to rest on a view of pleading at a variance with the liberal notions which are said to underlie the Federal Rules. But, as we have often remarked, it is § 2281 which is at variance with our notions of orderly federal procedures. It is not "a measure of broad social policy to be construed with great liberality, but . . . an enactment technical in the strict sense of the term and to be applied as such." *Phillips* v. *United States, supra,* at 251.

We should vacate the judgment below and remand for the entry of a fresh decree, so that appellants might pursue their appropriate remedy in the Court of Appeals. *Moody* v. *Flowers, supra; Phillips* v. *United States, supra.*