**CALIFORNIA DIVERSIFIED PROMOTIONS, INC., et al., Plaintiffs-Appellants,**

v.

**James A. MUSICK et al., Defendants-Appellees.**

**No. 73–1554.**

United States Court of Appeals, Ninth Circuit.

Oct. 25, 1974.

Kenneth Scholtz, of Berrien E. Moore, Inc., Torrance, Cal., for plaintiffs-appellants.

Adrian Kuyper, County Counsel, County of Orange, Santa Ana, Cal., for defendants-appellees.

## OPINION

Before WRIGHT and CHOY, Circuit Judges, and BURNS,* District Judge.

EUGENE A. WRIGHT, Circuit Judge:

Appellants appeal the dismissal of their claim for injunctive relief and damages, brought under 42 U.S.C. § 1983, 28 U.S.C. § 1343, and 28 U.S.C. § 1331 (1970). Appellants are a California corporation doing business as the Frontier Room and its employee dancers. They allege that the defendants-appellees, Sheriff of the County of Orange, California, and four of his deputies, engaged in an "intentional program of harassment and bad-faith law enforcement" to chill their right to present nude dancing at the Frontier Room.

Appellants alleged that, in bad faith and without probable cause, the defendants arrested and cited the plaintiff dancers for violation of California Penal Code § 311.6,[1] which prohibits obscene live conduct in a public place. They introduced affidavits from several of the dancers reporting alleged statements of the arresting officers which might be interpreted as supporting their claims that the arrests were made without probable cause.

The trial court denied appellants' motion for a preliminary injunction on grounds of abstention, citing Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L. Ed.2d 667 (1971). The court went on, however, to dismiss the case, *sua sponte*. Appellants moved for and were granted a hearing under Federal Rule of Civil Procedure 60(b). At the hearing, the court denied the motion to set aside the dismissal and to grant leave to amend to state a separate cause of action for damages. We reverse.

### I.

### DUE PROCESS ISSUES

Appellants argue that the court erred in dismissing their complaint *sua sponte* without permitting them notice of the action, a hearing, and an opportunity to respond.

■ It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction.[2] The power is not absolute, however, and "[a]ll of the circumstances must be considered" in determining whether the absence of notice as to the possibility of dismissal or the failure to hold an adversary hearing renders the dismissal void, Beshear v. Weinzapfel, 474 F.2d 127, 133 (7th Cir. 1973). The Supreme Court has noted that "The fundamental requirement of due process is an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is invoked." Anderson National Bank v. Luckett, 321 U.S. 233, 246, 64 S.Ct. 599, 606, 88 L.Ed. 692 (1944).

This court has held that, when jurisdiction is present, it is error to dismiss a claim on the merits without notice, a hearing, and an opportunity to respond, unless the complaint could not be corrected by amendment. Worley v. California Department of Corrections, 432 F.2d 769 (9th Cir. 1970). In reversing the *sua sponte* dismissal of a complaint under 42 U.S.C. § 1983, we held in Har-

---

* Of the District of Oregon.

1. § 311.6. Participation in, or production or presentation of, obscene live conduct in public place.

"Every person who knowingly . . . engages or participates in, manages, produces, sponsors, presents or exhibits obscene live conduct to or before an assembly or audience consisting of at least one person or spectator in any public place or in any place exposed to public view, or in any place open to the public or to a seg-

ment thereof, whether or not an admission fee is charged, or whether or not attendance is conditioned upon the presentation of a membership card or other token, is guilty of a misdemeanor."

2. Mansfield, Coldwater & Lake Michigan Ry. Co. v. Swan, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462 (1884); Societe Internationale v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2 L. Ed.2d 1255 (1958), or for lack of prosecution, Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

mon v. Superior Court, 307 F.2d 796, 798 (9th Cir. 1962);

> The right to a hearing on the merits of a claim over which the court has jurisdiction is of the essence of our judicial system, and the judge's feeling that the case is probably frivolous does not justify by-passing that right. Appellant is entitled to have process issued and served, and to be heard.

*See also* Clinton v. Los Angeles County, 434 F.2d 1038 (9th Cir. 1970), Brown v. Strickler, 422 F.2d 1000 (6th Cir. 1970). A similar rule has been followed by this court in cases involving pro se complaints by prisoners.[3]

Here the trial judge should have given notice of his intention to dismiss, an opportunity to submit a written memorandum in opposition to such motion, a hearing, and an opportunity to amend the complaint to overcome the deficiencies raised by the court, Potter v. McCall, 433 F.2d 1087, 1088 (9th Cir. 1970), Bertucelli v. Carreras, 467 F.2d 214 (9th Cir. 1972).

The appellants were given an opportunity to submit written memoranda at a Rule 60(b) hearing subsequent to the dismissal. We need not decide, however, whether this sufficiently mitigated the impact of the denial of prior hearing and other due process rights as to constitute harmless error,[4] since we find that the case must be reversed and remanded on the merits.

## II.

### DENIAL OF INJUNCTIVE RELIEF

In their complaint appellants asked for injunctive relief to stop defendants from making arrests and issuing citations in bad faith. In their supporting papers they argued that they sought only prospective relief, that they did not seek to enjoin then pending state prosecutions, or challenge the constitutionality of the statute involved.[5] The injunction included in their prayer for relief was, either artfully or inartfully, much broader, reaching both the defendants and prosecuting authorities, enjoining bad-faith arrests as well as prosecutions in general, and defining the statute's definition of obscenity in specific terms at a time when the statute was under consideration by state courts and when no such definition had been made by any state court.[6]

On its own motion and without granting leave to amend, the court, relying on *Younger, supra,* dismissed the complaint. The Supreme Court has recently had occasion to restate the rule in that case:

> When a state criminal proceeding under a disputed state criminal statute is pending against a federal plaintiff at the time his federal complaint is filed . . . unless bad-faith enforcement or other special circumstances are demonstrated, principles of equity, comity, and federalism preclude issuance of a federal injunction

3. Hansen v. May, 502 F.2d 728 (9th Cir. 1974); Potter v. McCall, 433 F.2d 1087 (9th Cir. 1970); Keeton v. Procunier, 468 F.2d 810 (9th Cir. 1972), cert. denied 411 U.S. 987, 93 S.Ct. 2276, 36 L.Ed.2d 965 (1973); Sanders v. Veterans Administration, 450 F.2d 955 (9th Cir. 1971).

4. Link v. Wabash Railroad Co., *supra* 370 U.S. at 632, 82 S.Ct. at 1390: "In addition, the availability of a corrective remedy such as is provided by Federal Rule of Civil Procedure 60(b)—which authorizes the reopening of cases in which final orders have been inadvisedly entered—renders the lack of prior notice of less consequence."

5. Clerk's record at 35: "It is the Plaintiffs' belief that the *Younger* limitation should not apply herein since the relief sought is prospective only and is not designed to interfere with the prosecution of pending cases." Clerk's record at 46: "Plaintiffs do not allege that any statute is unconstitutional and are not seeking an adjudication of their guilt or innocence. . . ."

6. Miranda v. Hicks, 388 F.Supp. 350 at 359 (C.D.Cal., June 4, 1974) (no California decisions construe § 311 with sufficient specificity as to give fair notice as to what is constitutionally prohibited).

restraining enforcement of the criminal statute . . . .

Steffel v. Thompson, 415 U.S. 452, 454, 94 S.Ct. 1209, 1213, 39 L.Ed.2d 505 (1974).

In Anderson v. Nemetz, 474 F.2d 814, 820 n.2 (9th Cir. 1973), we stated:

> *Younger* established the criteria for determining when federal intervention is permissible even when a state court prosecution is pending. They are: (1) where irreparable injury is "both great and immediate" in that there is a threat to federally protected rights that cannot be eliminated by a defense against a single prosecution, *or* (2) where the state law is "flagrantly and patently violative of express constitutional prohibitions," *or* (3) where there is a showing of "bad faith, harassment, or . . . other unusual circumstance[s] that would call for equitable relief."

■■ In this case, appellants argued that they sought only prospective relief. Their requested injunction, however, would not only have reached bad-faith arrests, but would also have enjoined the pending prosecutions. Such intervention in pending prosecutions would not have been proper under *Younger*, since appellants failed to allege that they had been prosecuted in bad faith. In denying an injunction against pending prosecutions, the court in Lewis v. Kugler, 446 F.2d 1343, 1348 (3d Cir. 1971) held:

> The plaintiffs allege police misconduct, but an injunction against pending state criminal proceedings would operate against the prosecutorial authories, and there is no allegation that they have either fostered or taken part in the alleged misconduct.

Hence it was proper to deny the injunction as stated in appellants' complaint. However, it was error to dismiss without permitting the appellants an opportunity to amend their complaint and the requested injunction to conform to their stated intention to obtain an injunction against future bad-faith activities of defendants in making arrests and issuing citations under § 311.6 without probable cause. As we said in Keeton v. Procunier, 468 F.2d 810, 811–812 (9th Cir. 1972):

> Although inartfully drawn, the sense of the allegation is that some unidentified defendant . . . deprived Keeton of his civil rights. . . . Unfortunately, the district court did not pass upon this phase of Keeton's claim. Dismissal of the entire complaint without granting the opportunity to amend was error.

■ The doctrine of *Younger* and its progeny does not require abstention in circumstances where prospective *declaratory* or injunctive relief would not interfere with pending prosecutions, *Kugler, supra* 446 F.2d at 1347, *Steffel, supra* 415 U.S. at 462, 94 S.Ct. 1209; Lake Carriers Assoc. v. MacMullan, 406 U.S. 498, 509, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972).[7] Here the relief requested, an *injunction against bad-faith arrests in the future*, would have had no impact on then pending prosecutions.

In *Kugler, supra*, the court reversed the dismissal of a complaint for an injunction against discriminatory stops and searches by state police, holding that such relief was not barred by *Younger*, despite the pendency of prosecutions involving several of the plaintiffs, since such future relief could not interfere with the current actions.

Here the plaintiff may have been able to frame an injunction which reached the alleged bad-faith arrests and harassment by defendants without posing a threat of interruption of pending prosecutions.

The propriety of permitting such injunctive relief is even stronger when viewed from the perspective of plaintiff

---

7. Roe v. Wade, 410 U.S. 113, 124, 166, 93 S. Ct. 705, 35 L.Ed.2d 147 (1973) (unindicted co-plaintiff was permitted to seek a declaratory judgment despite the fact that this would terminate the prosecution of co-plaintiff who was denied standing).

California Diversified Promotions, Inc. The corporate plaintiff was not directly involved as a party in any of the prosecutions, yet it alleged that its interests were adversely affected by the actions of the defendants, both because of the resulting interference with its business and the costs of defending criminal charges against its employees.

■ A corporate plaintiff can assert rights under the Fourteenth Amendment, Grosjean v. American Press Co., 297 U.S. 233, 244, 56 S.Ct. 444, 80 L.Ed. 660 (1936), Pierce v. Society of Sisters, 268 U.S. 510, 535, 45 S.Ct. 571, 69 L.Ed. 1070 (1925), and suits under 42 U.S.C. § 1983 by corporate plaintiffs are permissible, *Pierce, supra*; Watchtower Bible and Tract Society v. Los Angeles County, 181 F.2d 739, 740 (9th Cir.), cert. denied, 340 U.S. 820, 71 S.Ct. 51, 95 L. Ed. 602 (1950); Safeguard Mutual Insurance Co. v. Miller, 472 F.2d 732, 733 (3d Cir. 1973) (and cases cited therein).[8]

In Citizens for a Better Environment, Inc. v. Nassau City, 488 F.2d 1353, 1361 (2d Cir. 1973), the court permitted a corporate plaintiff to maintain a suit under § 1983, holding that

. . . while [Citizens for a Better Environment, Inc. has] not been charged with any offense, its very existence as a soliciting organization is obviously threatened by the fact that the police intend to continue to invoke the solicitation ordinances against its employees.

\* \* \* \* \* \*

But CBE's real interest in the proper application of the local solicitation ordinances does entitle it to seek injunctive relief against *future* police action against it or its solicitors.

■ Additionally, three of the plaintiffs, Jeanette Ruth Swadley, Carol Glick and Judith Rodriguez, had state charges dismissed against them prior to the initiation of this action, hence any injunction they obtained against future bad-faith arrests could not interfere with prosecutions pending against them. *Cf.* Roe v. Wade, 410 U.S. 113, 124, 166, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), *see Note:* Federal Relief Against Threatened State Prosecutions: The Implications of Younger, Lake Carriers and Roe, 48 N.Y.U.L.R. 965, 983 (1973).

A remand is necessary, then, to provide an opportunity for amendment of the appellants' request for prospective injunctive relief. However, such relief is proper only if the controversy between the parties remains substantial and continuing, *see Steffel, supra*, 415 U.S. at 460, 94 S.Ct. 1209, particularly in light of the changes in California law that have followed from the Supreme Court's decision in California v. LaRue, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972) (upholding a licensing law prohibiting nude entertainment in places where liquor is served by the drink) and Miranda v. Hicks, 388 F.Supp. 350 (C.D.Cal. 1974) (three-judge court held the obscenity definition of § 311 constitutionally deficient).

■ Moreover, it must be determined whether there is a "likelihood of a recurrence of the conduct" which the appellants sought to enjoin, Wilson v. Webster, 467 F.2d 1282, 1283 (9th Cir. 1972).[9]

## III.

## DAMAGES

A remand will also be necessary for consideration of appellants' request for

---

8. The corporation might also have standing under 28 U.S.C. § 1331, which was also cited in support of jurisdiction. *See* Grove Press Inc. v. State of Kansas, 304 F.Supp. 383, 388 (D.Kan.1969).

9. *Cf.* Boyle v. Landry, 401 U.S. 77, 81, 91 S. Ct. 758, 27 L.Ed.2d 696 (1971); Native American Church of Navajoland, Inc. v. Arizona Corp. Comm., 329 F.Supp. 907 (D. Ariz.1971), aff'd 405 U.S. 901, 92 S.Ct. 934, 30 L.Ed.2d 775 (1972).

damages for the alleged violations of the First Amendment right of free expression. Appellants have alleged the requisite bad faith on the part of the defendants to state a claim under § 1983.[10]

■ It was improper to dismiss the request for damages along with that for injunctive relief. Abstention provides no ground for such dismissal, since the damage action would not "result in duplicative legal proceedings or disruption of the state criminal justice system" nor could it "be interpreted as reflecting negatively upon the state courts' ability to enforce constitutional principles." *Steffel, supra* 415 U.S. at 462, 94 S.Ct. at 1212.

Moreover the equitable principles which might dictate dismissal of a complaint for equitable relief, are not necessarily controlling with respect to a damage action. *O'Shea v. Littleton*, 414 U. S. 488, 501 n. 5, 94 S.Ct. 669, 38 L.Ed. 2d 674 (1974); *Stefanelli v. Minard*, 342 U.S 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951). In a similar case, we reversed the dismissal of a damage action under § 1983:

> Needless to say, the district court could not determine from the allegations of the complaint that these defendants had [a good faith] defense. Nor did it even undertake to make such a determination. The court therefore erred in dismissing the action as to defendant sheriff and deputy sheriffs on the ground that the complaint fails to state a claim upon which relief can be granted.

*Dodd, supra* 393 F.2d at 335.

The judgment of the district court is reversed and the case is remanded for further proceedings consistent herewith.

10. Pierson v. Ray, 386 U.S. 547, 555, 87 S. Ct. 1213, 18 L.Ed.2d 288 (1967); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Dodd v. Spokane County Wash-ington, 393 F.2d 330, 335 (9th Cir. 1968); Sheridan v. Williams, 333 F.2d 581, 582–583 (9th Cir. 1964); York v. Story, 324 F.2d 450 (9th Cir. 1963).