MEMORANDUM **
SOC, Inc. (“SOC”) appeals the district court’s judgment on the pleadings in favor of Las Vegas Metropolitan Police Department (“LVMPD”), and the Federal Rules of Civil Procedure 12(b)(6) dismissal in favor of County of Clark, Nevada. Because the parties are familiar with the facts and procedural history, we will not recount it here.
I
The district court incorrectly held that corporations do not have the right to bring a 42 U.S.C. § 1983 claim for deprivation of occupational liberty. A corporation has rights under the Fourteenth Amendment and may bring § 1983 claims when *490 its rights are violated. See Cal. Diversified Promotions, Inc. v. Musick, 505 F.2d 278, 283 (9th Cir.1974). Additionally, this Court determined in Wedges/Ledges of Cal., Inc. v. City of Phoenix, 24 F.3d 56 (9th Cir.1994), that corporations “as legal persons, also can assert a right to pursue an occupation.” Id. at 65 n. 4. Therefore, the district court’s conclusion to the contrary was in error.[1]
II
Although SOC has a substantive due process right to pursue an occupation, the district court did not err in granting judgment on the pleadings.
In order to establish a substantive due process claim for denial of a right to pursue an occupation, SOC was required to allege that it was unable to pursue its occupation in the relevant business, and, second, that this inability was due to actions that substantively were “clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.” Wedges/Ledges, 24 F.3d at 65 (citing FDIC v. Henderson, 940 F.2d 465, 474 (9th Cir.1991)).
SOC does not allege that it was unable to pursue its occupation or even a substantial interference with the right to pursue its occupation that would rise to the level of a constitutional deprivation. See Conn v. Gabbert, 526 U.S. 286, 292, 119 S.Ct. 1292, 143 L.Ed.2d 399 (1999).
We have recognized, under certain circumstances, a theory for constitutional deprivation of business good will that might not require the same quantum of business interference as required for the claim involved in this case. See, e.g., Soranno’s Gaseo, Inc. v. Morgan, 874 F.2d 1310,1318 (9th Cir.1989) (holding that where state law treats goodwill as property, business goodwill is a property interest entitled to protection and that the owner cannot be deprived of it without due process). However, SOC did not allege a constitutional deprivation of business good will under Soranno’s Gaseo.
Additionally, while the officers’ alleged conduct was shocking to the conscience with regards to the threats made to the SOC employee, SOC lacks standing to challenge that conduct here. See Singleton v. Wulff, 428 U.S. 106, 113-16, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976).
For these reasons, we conclude that the complaint failed to state a claim upon which relief could be granted under the theory asserted, and that the entry of judgment on the pleadings and dismissal under Rule 12(b)(6) were proper.
Ill
A party may amend its complaint with leave of court, and leave of court should be freely given when justice requires. Fed. R.Civ.P. 15. We apply this policy liberally. Theme Promotions, Inc. v. News America Marketing FSI, 546 F.3d 991, 1010 (9th Cir.2008). A district court does not abuse its discretion to deny leave to amend “where the district court ... reasonably concluded] that further amendment would be futile.” Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1530 (9th Cir.1995).
In this case, as we have discussed, amendment may not have been futile because the complaint would have been proper if SOC had alleged the requisite level of interference or possibly proceeded under a different theory. SOC did not seek leave to amend on that basis, however, but only sought leave to amend to add individual *491 plaintiffs. SOC did so in response to the district court’s erroneous conclusion that SOC did not have a cause of action in its own behalf for deprivation of its due process right to pursue an occupation. The court responded to the request by ruling that it would not allow such an amendment, but would require SOC to bring a new action.
On appeal, SOC has clarified that, although it believes that it sufficiently pled a cause of action, and that any deficiencies could have been cured by amendment, it does not seek a remand to file a new motion for leave to amend its complaint, but will proceed with a new action if it deems it necessary. Therefore, we consider the appeal from failure to grant leave to amend withdrawn.
IV
The district court abused its discretion in awarding attorneys’ fees to LVMPD. “A prevailing defendant may recover an attorney’s fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant.” Hensley v. Eckerhart, 461 U.S. 424, 429 n. 2, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The district court improperly found that SOC lacked the right to bring its lawsuit, and therefore it incorrectly determined that SOC’s claims were frivolous.
Although we agree that the cause of action as alleged did not constitute a claim upon which relief could be granted, the claim was not frivolous. SOC’s cause of action has been recognized by this Court and it likely could have amended its complaint to conform to pleading requirements. Corporations do have Fourteenth Amendment rights, corporations may bring § 1983 claims, an employee was allegedly harassed, and there is case law recognizing that the target of an investigation has standing to challenge outrageous conduct to a third-party. The lawsuit was therefore not frivolous, and the district court abused its discretion in awarding attorneys’ fees. We reverse and vacate the attorney fee award.
Each party shall bear its own costs on appeal.
AFFIRMED IN PART; REVERSED IN PART.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. We note that the controlling precedent, Wedges/Ledges of California, Inc., was not cited by the parties for this proposition either to the district court or to our panel.