**NOT FOR PUBLICATION**

OCT 14 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BANK OF AMERICA, N.A., a Delaware corporation, | No. 08-16146 |
| Plaintiff, | D.C. No. 3:00-cv-004500-RCJ |
| v. | MEMORANDUM[*] |
| KYLE SWANSON, | |
| Defendant - Appellant, | |
| WILLIAM BILLS; WINNEMUCCA COLONY COUNCIL, | |
| Defendants - Counter-claimants -Appellants, | |
| SHARON WASSON; et al., | |
| Defendants -Counter-claimants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding
Submitted October 4, 2010[**]
San Francisco, California

_____

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: FERNANDEZ and SILVERMAN, Circuit Judges, and DUFFY, District Judge.***

Appellants—William Bills and the Winnemucca Colony Council and its Chairman Linda Ayer (the "Bills Group")—appeal from the district court's grant of summary judgment in favor of Appellees—Sharon Wasson and the Winnemucca Indian Colony Council (the "Wasson Group")—awarding the approximately $400,000.00 held in a Bank of America account to Appellees. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

This case began when Winnemucca Indian Colony Council Chairman Glenn Wasson was murdered on February 22, 2000. On August 28, 2000, Bank of America filed a complaint in interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure to resolve a dispute between the tribal factions as to who had authority to use a bank account opened in the name of "Winnemucca Indian Colony." Years of protracted litigation ensued in tribal and federal courts. Eventually, through participation in the Ninth Circuit's mediation process, on August 1, 2002, the parties stipulated to the appointment of a special appellate panel to hear argument and to issue a binding, non-appealable decision. The special appellate panel consisted of a panel of judges from the Sioux Nation (the "Minnesota Panel").

***　The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

The Minnesota Panel issued its decision on August 16, 2002 (the "Minnesota Panel Order"). The Minnesota Panel found that the valid tribal council included the following people: Sharon Wasson, Thomas Wasson, William Bills, Elverine Castro, and Thomas Magiera until his death. As such, the panel stated that "all subsequent activities of the Bills Council are found to be unconstitutional and invalid." The Wasson Group moved for summary judgment based on the Minnesota Panel Order on August 30, 2002.

The district court denied the Wasson Group's motion without prejudice and afforded the Bills Group almost five years to further exhaust tribal remedies. During that time, the Inter-Tribal Court of Appeals issued several orders, which are not in the record in full before the district court or on appeal, addressing the issues in this case. However, on May 17, 2007, the Inter-Tribal Court of Appeals, sua sponte, issued an order dismissing the case stating that it had no appellate jurisdiction. The Wasson group renewed its motion for summary judgment based on the Minnesota Panel Order. Concluding that the parties had exhausted their tribal remedies and that the decision of the Minnesota Panel was binding and non-appealable, the district court granted the

Wasson Group's motion for summary judgment and denied the Bills Group's cross motion. This timely appeal followed.[1]

This court reviews a district court's grant of summary judgment de novo. Brodheim v. Cry, 584 F.3d 1262, 1267 (9th Cir. 2009). Generally, the rule of tribal exhaustion requires that federal courts give precedence to tribal courts to determine in the first instance the extent of their own jurisdiction to hear a particular case. See Iowa Mut. Ins. Co. v. LaPlante, 480 U.S. 9, 14 (1987); Nat'l Farmers Union Ins. Co. v. Crow, 471 U.S. 845, 856–57 (1985). Federal courts must enforce tribal court decisions under principles of comity, unless "the tribal court either lacked jurisdiction or denied the losing party due process of law." AT&T Corp. v. Coeur D'Alene Tribe, 295 F.3d 899, 904 (9th Cir. 2002). A judge may dismiss a case sua sponte for lack of jurisdiction, but that power is subject to the demands of due process. Cal. Diversified Promotions, Inc. v. Musick, 505 F.2d 278, 280 (9th Cir. 1974). In reviewing a decision to dismiss for lack of jurisdiction sua sponte, the reviewing court must consider, "all of the circumstances . . . in determining whether the absence of notice

---

[1] This court asked the parties to brief whether this appeal is timely under Rule 6(a) of the Federal Rules of Civil Procedure. After careful consideration, we conclude that under the version of Rule 6(a)(2) that was in effect at the time that the Bills Group filed its Rule 59(e) motion, the appeal is timely, and, as such, we have jurisdiction to consider it on the merits. See FED. R. CIV. P. 6(a)(2) (effective until Dec.1, 2009) (West 2009).

as to the possibility of dismissal or the failure to hold an adversary hearing renders the dismissal void." Id. (internal quotation marks and citation omitted).

We conclude that the parties exhausted their tribal remedies. The Inter-Tribal Court of Appeals determined that it did not have jurisdiction. Under the circumstances of this case, the parties have been afforded more than due process in both tribal and federal court. And, in any event, the Bills Group waived its due process argument by failing to raise it properly before the district court or offer any excuse for such failure. See Rains v. Flinn (In re Rains), 428 F.3d 893, 902 (9th Cir. 2005). Thus, we recognize the Inter-Tribal Court of Appeals's dismissal based on principles of comity. See Coeur D'Alene Tribe, 295 F.3d at 904.

Further, we agree with the district court to the extent that it recognized the Minnesota Panel Order on principles of comity; however, we do so on slightly different grounds. See Ramirez v. Castro, 365 F.3d 755, 762 (9th Cir. 2004). First, the Wasson Group submitted credible evidence that both parties and the Minnesota Panel considered the Minnesota Panel Order binding and non-appealable. The Bills Group provided no evidence to the contrary. See Rivera v. Nat'l R.R. Passenger Corp., 331 F.3d 1074, 1078 (9th Cir. 2003). Further, the decision rendered by Tribal Judge Swanson that the Bills Group urges this court to enforce is not entitled to recognition as it "is inconsistent with the parties' contractual choice of forum . . . ",

namely the Minnesota Panel.  See Wilson v. Marchington, 127 F.3d 805, 810 (9th Cir. 1997).  Thus, we affirm the district court's judgment recognizing the Minnesota Panel Order.

Finally, as a matter of principle, counsel are reminded that this court has rules that are to be followed.  If something is to be relied upon by this court, it must be entered into the record of the trial court and reproduced in the Excerpts of Record as required by 9th Circuit Rule 30-1.3.  See 9TH CIR. R. 30-1.3.  Rule 28 of the Federal Rules of Appellate Procedure requires parties to support factual allegations with appropriate references to the record.  See FED. R. CIV. P. 28.  In egregious cases, we have summarily affirmed the trial court's judgment and dismissed the appeal when parties have acted in complete disregard of these rules.  See, e.g., Cmty. Commerce Bank v. O'Brien (In re O'Brien), 312 F.3d 1135, 1136 (9th Cir. 2002); N/S Corp. v. Liberty Mut. Ins. Co., 127 F.3d 1145, 1146 (9th Cir. 1997).

Here, the Bills Group did not include an Excerpts of Record with their opening brief.  The Bills Group's opening brief lacks appropriate record citations.  Had the Wasson Group not filed a Supplemental Excerpts of Record, we would have to scour the district court record for the decisions appealed from and other pertinent portions of the record.  Even in the district court record, many of the exhibits, including vital tribal court rulings, were submitted only in part. For example, the Bills Group only

submitted three selective pages of the Inter-Tribal Court of Appeals's March 19, 2004 decision on the jurisdiction of the Minnesota Panel, and no party provided that decision in its excerpts of record to this court. Due to the complete disrespect for the rules of this court and the rule of law, we seriously considered summarily dismissing this appeal. However, on the unique facts of this case, we concluded that the clients should not be punished for the failings of their attorneys.

To the extent that the Bills Group made arguments not directly addressed in this opinion, having been fully considered by this court, we conclude that they completely lack merit.

**AFFIRMED.**